# EXHIBIT A-3

| Form 2B:1. Petition—General form, O'Connor's Texas Civil Forms Form 2B:1 (2024 ed.) | |
|---|---|

CHRISTOPHER J. DOSS
11011 PLEASANT COLONY DRIVE
JERSEY VILLAGE, TX 77065, PLANTIFF

**2024 - 61126** Court 215

VS

THE STATE OF TEXAS

HOUSTON INDEPENDENT SCHOOL DISTRICT/
HISD POLICE DEPT OF INVESTIGATIONS
4400 WEST 18TH STREET HOSUTON TX.77092

CHILD PROTECTIVE SERVICES (CPS)
1919 N.LOOP N. FWY, HOUSTON TX. 77008

HOUSTON FEDERATION OF TEACHERS (HFT)
2704 SUTHERLAND ST. HOUSTON TX.77023

EDEN JONES- HINDS PRINCIPAL BRIAR GROVE ES
6145 SAN FELIPE STREET
HOUSTON TEXAS, 77057

TRACI AULD MITCHELL (PARENT 1)
ANN FIGUERORA (PARENT 2)

**FILED**
Marilyn Burgess
District Clerk

SEP 10 2024
Time: 3:07
Harris County, Texas
By C. Harrison
Deputy

---

**O'Connor's Texas Civil Forms Form 2B:1 (2024 ed.)** Form 2B:1. Petition—General form

Correlation Table
PLAINTIFF'S ORIGINAL PETITION: Civil Lidigation

Comes Now and by, and through (Plaintiff) Pro Se ,Christopher J.Doss , files this original petition against defendant(s) {Houston Independent School District/ Police Dept.4400 West 18th St.77092 therein other included in this claim} referred to hereinafter as Defendant(s)and respectfully to this Honorable Court to grant Discrimination, Race, Retaliation, Records sealed, pursuant to the relevant statutes and case of law by the state of Texas. This brief support of claims is grounded in the principle that not only justice must be done, and must also be seen to be done.I, Mr.Doss urge the court to rectify the continuing harm that a criminal record (for a case that is now proven to be unfounded and has since been dismissed, with evidence and video that clearly showed no evidence in correlation provided by cause action, yet it continues to inflict, restrict,confine I, Mr.Doss's reputation, prospective employment, and the inability to move forward in live a life as a Law Abiding Citizen alleges as follows:

(1) This action is brought forth on the behalf of (Plaintiff) Christopher Doss To enforce the provisions of The Title VII of the Civil Rights Act of 1964, as amended,42.

(2) This action is brought forth on the behalf of Pro Se (Doss) To enforce the provisions of The Federal Employee Discrimation and Retalition Act of 2002. 107-174 require that Federal Agencies be held accountable in violations of AntiDiscrimination and WhistleBlower protection laws.

**DISCOVERY-CONTROL PLAN**

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

(1) Plaintiff intends to conduct discovery under Level {3} of Texas Rule of Civil Procedure { 190.3/190.4} and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 **O'Connor's Texas Rules * Civil Trials,2-B, § 2 (2024 ed.).**

## CLAIM FOR RELIEF

**(2)** Plaintiff seeks monetary relief over $1,000,000. { Tex. R. Civ. P. 47(c)(4).}

(3) Plaintiff seeks Punitive relief for Discrimination against Race

(4) Plaintiff seeks Aggravated relief for Retaliation for initial Claim to HISD

5) Plaintiff seeks Compensation for Loss of wages from time of Alleges to current day..

(6) Plaintiff seeks Punitive damages for Defamation of Character as a Former 2 time teacher of the year.

(7) Plaintiff seeks Punitive, and Aggravated relief for Pain and Suffering, in which the actions against were so severe, that my Mental Health was compromised, and as a result, I've spent the past 6 years homeless due to the malicious acts.

| WESTLAW © 2024 Thomson Reuters. No claim to original U.S. Government Works. | 1 |

| Form 2B:1. Petition—General form, O'Connor's Texas Civil Forms Form 2B:1 (2024 ed.) | |

## PARTIES

3. { *Plaintiff Christopher Doss is the individual who brings residing at 11011 Pleasant Colony Drive# 3023 Jersey Village, Texas 77065; "Plaintiff,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 4.4 (2024 ed.).}

4. {Defendant Houston Independent School District 4400 West 18th Street Houston,Tx.77092 in Harris Co.,*"Defendant,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 4.5 (2024 ed.).

## JURISDICTION

5. { *The Courts have jurisdiction over this matter as this action for damages in excess of the minimum jurisdiction limit's of courts. Plaintiff seeks more than 1,000,000 in damages.***O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 5 (2024 ed.)

## VENUE:

**6. Venue is proper in Houston Texas because all or a substantial part of the events or omissions giving rise to this lawsuit in Houston, Texas. TEX. CIV. PRAC.& REM. CODE 15.001(a) 101.102(a)6. O'Connor's Texas Rules * Civil Trials, ch. 2-B, § 6 (2024 ed.).}**

## FACTS

7. During the 2016-2017 school year, employed by Houston Independent School District, I, Christopher Doss began working

at Briar Grove Elementary, in which I was immediately faced with racism that led to false allegations, criminal felony charges, along with a slew of malicious acts in wake of.On August 112016, Mrs. Hinds notified me that she'd hired me through the portal, and being that the school year was approaching, I received an offer of a vacant 4th grade position.We made plans to meet at Briar Grove ES the saturday prior to the first week of school. During this meeting, I was explained to of the demographics of the school and surrounding areas, as referenced to being similar to Mountain Brook, AL, an area which is 96 percent caucasian, the parents act differently there, as well as the P.T.O.raises millions.The 1st week of school i was called a, " Big Black intimadting man by grade chair Lead Shirin Farahani. Aug 22nd, 2016 (2) Parent request made for removal from class due to my ethnicity, being a complaint was made against me for having the young men tuck in shirts. September 24, 2016, I recieved an email of a photo from 2013, in which my shirt was removed from a gym session.October 19th, I joined the Teachers Union (HFT) due to the constant harassment by Eden Jones-Hinds, and Shirin Farahani.November 6th, 2016, 1st meeting with Union Rep. Andy Dewey(HFT) about what was occurring at Briar Grove Elementary. December 16th 2017,before Christmas break, Mrs.Jones-Hinds accused me of sexual harrassment, that derived from me doing a dance called the "JuJu, as the students were teaching me the dance and stated I waived my hands in the air as if she has curves. A claim was made 15 minutes from leaving the classroom, in which a number of attempts were made for me to enroll in  harassment class. February 11, 2017 was a second meeting with Rep. Andy Dewey due to hostile work environment in which Shirin Farahani told Mrs. Hinds, if I didn't leave she would leave the school  she will leave. On March 2nd, 2017, I received a text from Traci Auld at approx.10:06 p.m stating, "Thank you for working with Jaden, you're awesome and I rock. Traci and I had an interest in classic cars, so she had my number. Mr.Tritico was contacted in which I was advised not to speak. Throughout the process, I was denied Due Process, Civil Rights were Violated, as I was never interviewed by Law Officials, nor CPS by their own mandated guidelines. The acts by Eden Hinds-Jones, HISD, CPS and not to be excluded, Houston Federation of Teachers that were aware of the racism occurring at the time, prior to by Union Representative ( Andy Dewey) of HFT that later proclaimed never knowing me along with Chris Tritico whom I'd believe to had been representation for myself through HFT. On March 3rd of 2017, and after being asked a number of times by Mrs. Eden Hinds about transferring, without me inquiring, I was asked by Mrs. Hinds and assistant principal to leave the campus and upon further investigation that I had any knowledge of as these are facts. Arrested at gunpoint in front of my family for alleging" twisting or pinching a childs nipple, a Plea offering 2-10 years in TDC. After refusing multiple plea offers, due to actual innocence, Plaintiff proceeded to trial. The District Attorney's Office subpoenaed numerous witnesses, yet never questioned me. However, after the proceedings, the DAs office clearly realized that it could not prove its case, and filed for a motion to dismiss, which was granted. In its motion to dismiss, the DA's claimed that "probable cause existed but conceded that the case could not be proven beyond a reasonable doubt " Exhibit. After 938 days in criminal court and after following a Jury Trial, was acquitted, and found innocent with an immediate signing of an expungement that never took place due to clerical mishaps. Being told that I couldn't file a claim until after the criminal trial, was then later told that Statute of limitations had passed(180 days), and I couldn't sue as I began attempted to do so after the initial allegations that i feel were misleading throughout.During this period, I became homeless as well to unable to find employment for the alleged crimes against two children that never happened.

8. Upon my belief that the acts were based on **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 7 (2024 ed.)

**COUNT 1—{Discrimination of Race }**

9.Probable Cause had no cause for any disciplinary actions **O'Connor's Texas Causes of Action**, Part 2 (2024 ed.).}

10. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court. { *See* Tex. R. Civ. P. 47(b); *"Damages,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 9 (2024 ed.).}

10. Plaintiff seeks liquidated damages in the amount of at least ${ 6,800,000} , which is within the jurisdictional limits of this Court. { *See* Tex. R. Civ. P. 47(b); *"Damages,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 9 (2024 ed.).}

11 Exemplary damages. Plaintiff's injury resulted from defendant's gross negligence, malice, or fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a). { *6 years living on the streets*} { *See* *"Exemplary Damages,"* **O'Connor's Texas Causes of Action**, ch. 42-A, § 1 et seq. (2024 ed.); *Punitive*  **O'Connor's Texas Causes of Action**, ch. 42-B, § 5 (2024 ed.); **O'Connor's Texas Causes of Action Pleadings**, FORMS 42B:1 et seq. (2024 ed.).}

12. Attorney fees. Plaintiff is entitled to recover reasonable and necessary attorney fees under { *Fees to be waived due to Loss of wages* . {I've been unable to seek employment due to criminal record} { *See* FORMS 2B:22 to 2B:24; *"Attorney Fees,"* **O'Connor's Texas Causes of Action**, ch. 45-A, § 1 et seq. (2024 ed.).}

**COUNT 2—{ *Retaliation*}**

13. In addition to other counts, plaintiff sues defendant for { *Pain and Suffering*}.

Certified Document Number: 116393159 - Page 3 of 7

| Form 2B:1. Petition—General form, O'Connor's Texas Civil Forms Form 2B:1 (2024 ed.) | |

*separately numbered paragraphs, identify elements and facts supporting the cause of action, add any claims for exemplary damages or attorney fees, and include a statement that damages are within the jurisdictional limits of the court. See ¶¶ 10-12, this form.*}

**EQUITABLE RELIEF**

14. Plaintiff seeks {Aggravated Damages} . {Compensation } { *See* FORM 2D:1; *"Injunctive Relief,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-D, § 1 et seq. (2024 ed.).}

**JURY DEMAND**

15. Plaintiff demands a jury trial and tenders the appropriate fee with this petition. **O'Connor's Texas Rules * Civil Trials**, ch. 5-B, § 1 et seq. (2024 ed.).}

**CONDITIONS PRECEDENT**

16. All conditions precedent to plaintiff's claim for relief have been performed or have occurred. { *See "Conditions precedent,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 12 (2024 ed.).}

**OBJECTION TO ASSOCIATE JUDGE**

17. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial. **O'Connor's Texas Rules * Civil Trials**, ch. 1-J, § 3.3 (2024 ed.).}

**PRAYER**

18. For these reasons, plaintiff asks that the Court issue citation for defendant to appear and answer, and that plaintiff be awarded a judgment against defendant for the following:

a. Actual damages. Award damages to Mr.Doss to fully compensate for pain, and suffering, " **O'Connor's Texas Causes of Action**, ch. 41-A, § 3.2 (2024 ed.).

b. Award Doss back pay and all appropriate monetary relief, including the value of lost employment benefits to Doss in an amount to be determined at trial in order to make life whole again.

c. Award Exemplary damages due to extent and nature of cause **O'Connor's Texas Causes of Action**, ch. 42-A, § 1 et seq. (2024 ed.).}

d. Prejudgment and postjudgment interest seek punitive damages for Mental Health Issue derived from actions **O'Connor's Texas Causes of Action**, ch. 43, § 1 et seq. (2024 ed.).}

e. Court costs. { *See "Court Costs,"* **O'Connor's Texas Causes of Action**, ch. 44, § 1 et seq. (2024 ed.).} f. Attorney fees. { *See "Attorney Fees,"* **O'Connor's Texas Causes of Action**, ch. 45-A, § 1 et seq. (2024 ed.).}

g. All other relief to which the plaintiff is entitled. Wherefore, the United States prays that the courts grant the following relief:

(a) *Enjoin Houston Independent Schools from engaging in retaliation, in violation of Title VII against any employee*

*applicant* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 15 (2024 ed.).}

**Notes**

**See**

Tex. R. Civ. P. 45 to 59, 78 to 82, 169, 190

Tex. Civ. Prac. & Rem. Code § 41.003

| | |
|---|---|
| **WESTLAW** © 2024 Thomson Reuters. No claim to original U.S. Government Works. | 3 |

| | |
|---|---|
| **Form 2B:1. Petition—General form, O'Connor's Texas Civil Forms Form 2B:1 (2024 ed.)** | |
| | |

"Plaintiff's Original Petition," **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 1 et seq. (2024 ed.)

"Damages & Other Compensation," **O'Connor's Texas Causes of Action**, Part 4 (2024 ed.)

**O'Connor's Texas Causes of Action Pleadings**, FORMS 41B:1 et seq. (2024 ed.)

**O'Connor's Texas Causes of Action Pleadings**, FORMS 42B:1 et seq. (2024 ed.)
**O'Connor's Texas Causes of Action Pleadings**, FORM 43:1 (2024 ed.)
**O'Connor's Texas Causes of Action Pleadings**, FORM 44:1 (2024 ed.)
**O'Connor's Texas Causes of Action Pleadings**, FORMS 45B:1 et seq. (2024 ed.)

**Add**

STYLE OF THE CASE—FORM 1B:2

SIGNATURE BLOCK—FORM 1B:3

VERIFICATION—FORM 1B:7, for injunctive relief

**Attach**

AFFIDAVIT—FORM 1B:8, if necessary to support facts for injunctive relief

NOTICE OF CURRENT/CHANGE OF ADDRESS—FORM 1B:14

Civil Process Request Form, if required by court clerk to issue citation

Exhibits, if necessary

Filing fees

Certified Document Number: 116393159 - Page 5 of 7

Jury fee, if jury trial requested

**Note**

Many suits filed in district and county courts may be governed by the expedited-actions process outlined in Texas Rule of Civil Procedure 169. Tex.Sup.Ct. Order, Misc. Docket No. 13-9022 (eff. Mar. 1, 2013); *see* Tex. R. Civ. P. 169(a). See "Expedited Actions," **O'Connor's Texas Rules * Civil Trials**, ch. 2-C, § 1 et seq. (2024 ed.). A plaintiff filing a suit that meets the requirements for an expedited action must conduct discovery under Level 1. *See* Tex. R. Civ. P. 169(d)(1), 190.2(a)(1). See "Level 1," **O'Connor's Texas Rules * Civil Trials**, ch. 6-A, § 7.2 (2024 ed.). Parties must plead into or out of the expedited-actions process. Tex. R. Civ. P. 47(c) & cmt. (2013).

---

**Form 2B:1. Petition—General form, O'Connor's Texas Civil Forms Form 2B:1 (2024 ed.)**

---

All original pleadings that set forth a claim for relief—whether an original petition, a counterclaim, a cross-claim, or a third-party claim—generally must contain a specific statement of the relief the party seeks. *See* Tex. R. Civ. P. 47(c). This requirement does not apply, however, to guardianship or probate proceedings, suits governed by the Family Code, or suits filed in justice court. See "Relief sought," **O'Connor's Texas Rules * Civil Trials**, ch. 1-B, § 3.2.8 (2024 ed.).

When one plaintiff asserts multiple claims against a single defendant, jurisdiction is determined by adding the amounts together. **Texas City Tire Shop, Inc. v. Alexander**, 333 S.W.2d 690, 693 (Tex.App.—Houston 1960, no writ).

E-filing is mandatory for most courts in all counties. *See* Tex.Sup.Ct. Order, Misc. Docket No. 13-9164 (Dec. 9, 2013). See "E-filing," **O'Connor's Texas Rules * Civil Trials**, ch. 1-C, § 4.1.1 (2024 ed.).

Whether e-filing or not, a party may have to redact certain sensitive data from a document before filing. *See* Tex. R. Civ. P. 21c. See "Documents with sensitive data—privacy protection," **O'Connor's Texas Rules * Civil Trials**, ch. 1-C, § 4.2 (2024 ed.).

Before a court clerk will issue a citation for service, the plaintiff may be required to complete and file with its petition a Civil Process Request Form identifying the person to be served and the method of service. Check the court's website for specific requirements and to obtain a copy of the form.

In cases not governed by the Family Code, a party is generally required to make disclosures of certain information without waiting for a discovery request from the other party. *See* Tex. R. Civ. P. 194.1(a). See "Required Disclosures," **O'Connor's Texas Rules * Civil Trials**, ch. 6-E, § 1 et seq. (2024 ed.). Thus, a request for disclosure should not be included as part of the original petition in these cases. But in cases that are governed by the Family Code, a request for disclosure is an available discovery method and can be included in the petition. *See* Tex. R. Civ. P. 194a.1; *see also* Tex.Sup.Ct. Order, Misc. Docket No. 23-9092 (Nov. 17, 2023) (TRCP 194a applies to actions filed on or after September 1, 2023).

In 2023, the Legislature enacted Texas Government Code chapter 25A, creating a specialty court with responsibility for resolving complex business disputes. *See* H.B. 19, 88th Leg., R.S., eff. Sept. 1, 2023; Senate Cmte. on Jurisprudence, Bill Analysis, Tex. H.B. 19, 88th Leg., R.S. (2023). In 2024, the Texas Supreme Court preliminarily approved the enactment of Texas Rules of Civil Procedure 352 to 359 to govern proceedings in the business court. Tex.Sup.Ct. Order, Misc. Docket No. 24-9004 (Feb. 6, 2024). Under new Texas Rule of Civil Procedure 354, an original petition filed in the business court must, in addition to other pleading requirements, plead facts to establish the business court's authority to hear the action and facts to

establish venue in a county in an operating division of the business court. Tex.Sup.Ct. Order, Misc. Docket No. 24-9004 (Feb. 6, 2024); *see also* Tex. Gov't Code § 25A.004 (business court's jurisdiction). The rules may change based on public comments received by May 1, 2024, and are expected to take effect on September 1, 2024, when the business court is created. *See* Tex.Sup.Ct. Order, Misc. Docket No. 24-9004 (Feb. 6, 2024). As of this book's publication date, no final order has been issued. Check the Supreme Court's website at www.txcourts.gov/supreme for the final order on these rules.

Westlaw. © 2024 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

**End of Document** © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Christopher J. Doss
11011 Pleasant Colony Dr. Apt #3023
Jersey Village, TX. 77065

~~Cdoss7~~ Cdoss7179@gmail.com



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 8, 2024

Certified Document Number:        116393159 Total Pages:  7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

EEOC Form 5 (11/09)

CHARGE OF DISCRIMINATION  2024  61126

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ EEOC ☐ FEPA | 460-2024-06312 |

Texas Workforce Commission Civil Rights Division — and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Christopher J. Doss | (281) 827-2462 | 1976 |

Street Address

11011 Pleasant Colony Drive apt. 3023

Houston, TX 77015

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Briargrove Elementary School | 501+ Employees | (713) 917-3600 |

Street Address

6145 San Felipe Street

Houston, TX 77057

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| HISD | 501+ Employees | |

Street Address — City, State and ZIP Code

4400 W 18TH ST

HOUSTON, TX 77092

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| Race, Retaliation | Earliest 01/01/2016 — Latest 06/03/2024 |
| | Continuing Action |

**FILED**
Marilyn Burgess
District Clerk

SEP 10 2024

Time: 3:07

Harris County, Texas
By: C. Harrison
Deputy

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I believe I was retaliated and discriminated against when I was terminated from my teacher position at Briargrove Elementary School.

During 2016 to 2017, I was falsely accused of sexually harassing a coworker and abusing my students in the school. I was falsely arrested in 2019 for the accusations without anyone ever talking to me including CPS or local law enforcement. I was falsely charge with injury to a child. There was also a student and a parent that lied about any alleged incidents. Also, no students had any known injuries on their body that I was accused of harming. I would like to go before a court and judge because it caused me to lose my teacher position and my family. I have not been able to work as a teacher since these false accusations against me.

I believe I was discriminated and retaliated against because of my Race (Black), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| *Christopher J. Doss* Date — Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Page 1 of 2

Certified Document Number: 116393165 - Page 1 of 62

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | EEOC FEPA | **460-2024-06312** |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Christopher J. Doss | (281) 827-2462 | 1976 |

| Street Address |
|---|
| 11011 Pleasant Colony Drive apt. 3023 |
| Houston, TX 77015 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Briargrove Elementary School | 501+ Employees | (713) 917-3600 |

| Street Address | | |
|---|---|---|
| 6145 San Felipe Street | | |
| Houston, TX 77057 | | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| HISD | 501+ Employees | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 4400 W 18TH ST | | |
| HOUSTON, TX 77092 | | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Race, Retaliation | 01/01/2016 | 06/03/2024 |
| | Continuing Action | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I believe I was retaliated and discriminated against when I was terminated from my teacher position at Briargrove Elementary School.

During 2016 to 2017, I was falsely accused of sexually harassing a coworker and abusing my students in the school. I was falsely arrested in 2019 for the accusations without anyone ever talking to me including CPS or local law enforcement. I was falsely charge with injury to a child. There was also a student and a parent that lied about any alleged incidents. Also, no students had any known injuries on their body that I was accused of harming. I would like to go before a court and judge because it caused me to lose my teacher position and my family. I have not been able to work as a teacher since these false accusations against me.

I believe I was discriminated and retaliated against because of my Race (Black), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | |
| Date _____ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Certified Document Number: 116393165 - Page 2 of 62

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Certified Document Number: 116393165 - Page 3 of 62

THE STATE OF TEXAS
VS.

**CHRISTOPHER JAMARRL DOSS**
12905 WOODFOREST BLVD, APT #712
HOUSTON, TX 77015

SPN: 2828068
DOB: B M 05/20/1976
DATE PREPARED: 6/28/2017

D.A. LOG NUMBER: 2365944
CJIS TRACKING NO.:
BY: EV DA NO: 62187900
AGENCY:HIS
O/R NO: 1796399
ARREST DATE: TO BE

**FILED**
Chris Daniel
District Clerk

JUN 2 8 2017

12:10

Harris County, Texas

Deputy

~~NCIC CODE: 3802 49~~

RELATED CASES: **2 FELONIES TOTAL**

FELONY CHARGE: **INJURY TO CHILD**

CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:          **1556873**
FIRST SETTING DATE:                                    **208**

BAIL: **$5,000**
PRIOR CAUSE NO:

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **CHRISTOPHER JAMARRL DOSS** , hereafter styled the Defendant, heretofore on or about **March 3, 2017**, did then and there unlawfully, intentionally and knowingly cause bodily injury to J. A. hereinafter styled the Complainant, a child younger than fifteen years of age, by twisting and pinching the skin around the nipple area of J. A.'s chest.

**PROBABLE CAUSE**

Affiant, Detective S. White a credible and reliable person employed as a certified peace officer presently with the Houston ISD investigations bureau. Your affiant has good reason to believe and does believe, Christopher J. Doss hereafter styled the defendant, committed the offense of Injury to a Child in Harris County, Texas on or about March 03, 2017. Your affiant's belief is based on the following facts:

On March 3, 2017, Detective White was dispatched to an incident at HISD Briargrove Elementary School located at 6145 San Felipe Houston, Harris County Texas. AFFIANT SPOKE WITH THE reportee Eden Jones- Hinds, A PERSON THAT AFFIANT FOUND BOTH CREDIBLE AND RELIABLE. Detective White was relayed the following facts: Two juvenile students are involved with the following initials of complainant #1 (JF) a ten year old Hispanic male, and complainant #2 (JA) a ten year old white male , hereafter styled the Complainant(s), who attend Briargrove Elementary School. Your affiant was informed on the morning of March 03, 2017, teacher Shirin Farahani stated to the school's principal Eden Jones- Hinds of a concern student(s) needing to speak with her about the defendant. Principal Hinds removed and spoke with Complainant (JF) and complainant (JA) separately. Reportee told your affiant that Both complainants had concerns involving the defendant Doss. Principal Hinds asked what happened, and was told by both complainants responding, "Mr Doss hits us in class and hurts us by twisting, pinching our chest and skin causing pain and bruising".

Reportee Eden Jones advised Detective White she saw the physical red marks and bruising to both Complainant's comp#1 (JF) and comp#2 (JA) chest area. All of the above information was gathered by school officials before Detective White arrived at Briargrove Elementary School. Det. White spoke to both complainants separately and confirmed the information. Comp#1 (JF) stated to affiant that "The defendant doss would flick him on his ears, neck and head. He never understood why he would do these things. He would grab him by his chest "nipple twisters" pinching and turning hard causing pain. Comp#2 (JA) stated to affiant that "The defendant use to hit him with a ruler on his legs and calves area. He would pinch and squeeze my chest while twisting leaving red and bruising marks." Detective white physically on viewed the bruising and marks that the complainants said were made by defendant on both complainants. Detective white conducted an audio recording from both comp#1 (JF) AND COMP#2 (JA).

Detective White spoke with both Complainant's guardian/ parents of (JF) and (JA). Your Affiant interviewed Traci Auld the parent of (JA) who stated that when she took (JA) to Briargrove Elementary School on the morning of March 3, 2017, he did not have any bruising or marks to his chest area. She also stated that after she picked (JA) up after school and took him home on March 3, 2017,she noticed that he did have redness to his chest that turned into bruising. Your affiant also spoke to Anna Figueroa the parent of (JF) who stated that on March 3, 2017, her child (JF) did not have any bruising or redness to his chest area when she took him to Briargrove Elementary School that morning. She also stated that after she picked (JF) up after school and took him home she noticed that he did have redness to his chest that turned into bruising

Certified Document Number: 116393165 - Page 4 of 62

On April 18, 2017, Det. White received a CPS report which was obtained with a Grand Jury subpoena, that reflects the investigation of Complainant's injuries of March 03, 2017. The cps report stated that there was reason to believe that abuse or neglect did occur due to "Large areas of bruising on or about the chest area. "

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Sworn to and subscribed before me on <u>June 28, 2017</u>

_____
AFFIANT

_____
ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS
Bar No. _12187900_

**COMPLAINT**

Unofficial Copy Office of Marilyn Burgess District Clerk

Certified Document Number: 116393165 - Page 6 of 62

## CAUSE NO. 2024-04128

|  |  |  |
|---|---|---|
| **EX PARTE** | § | **IN THE DISTRICT COURT** |
|  | § |  |
|  | § | **OF HARRIS COUNTY, TEXAS** |
| **DOSS, CHRISTOPHER** | § |  |
|  | § | **157th JUDICIAL DISTRICT** |

## BRIEF IN SUPPORT OF EXPUNCTION OF THE RECORD OF CHRISTOPHER DOSS

COMES NOW Christopher Doss ("Doss"), by and through undersigned counsel, and respectfully requests this Honorable Court to grant expunction pursuant to the relevant statutes and case law of the State of Texas. This brief in support of Mr. Doss's Petition for Expungement is grounded in the principle that justice not only must be done, but must also be seen to be done. Doss urges the Court to rectify the continuing harm that a criminal record (for a case that is now proven to be unfounded and has since been dismissed) has continued to inflict upon Mr. Doss's reputation, employment prospects, and overall ability to move forward in life as a law-abiding citizen.

## BACKGROUND

Christoper Doss was a well-respected and admired career educator. He was working at Briargrove Elementary School, teaching fourth grade in 2017, when he was accused by two students of "twisting and pinching" their skin. Doss was indicted on October 2, 2017. Doss was offered plea agreements, which he refused due to his actual innocence, and he proceeded to trial. In the leadup to the trial, the District Attorney's Office subpoenaed numerous witnesses. See Exhibit "A" - Subpoena Returns. However, after proceeding to trial, the DA's office evidently realized that it could not prove its case, and it filed a motion to dismiss, which the Court granted. Exhibit "B." In its motion to dismiss, the DA's office claimed that "probable cause exists," but it conceded that the case could not be proven beyond a reasonable doubt "at this time." Exhibit "C".

Furthermore, while the complaint suggests that the alleged injuries to the two children arose out of essentially the same occurrence, Mr. Doss was only granted an expunction as to one of the two charges, which had been dismissed prior to trial. Exhibit "D". This inconsistency between the dismissal and expungement of one charge, compared to the dismissal and non-expungement of the other, despite arising out of the same set of facts, highlights a perplexing inconsistency.

Since these events, Doss has been living a life of quiet desperation and intermittent homelessness, unable to obtain steady employment due to the existence of the court record relating to his arrest. His plight has received substantial media publicity, for good reason – he never should have been arrested in the first place. See below:

## Former teacher falsely accused of assaulting students in 2017 still haunted by past accusations

'I went from school teacher to homeless,' Doss said.



As discussed below, the circumstances of the dismissal are such that it is obvious that probable cause did not exist at the time of trial and that it in fact *never* existed. Indeed, while the DA's office said that it could not prove its case "at this time," it has never pointed to a scintilla of evidence that it would have *ever* been able to prove its case, or the existence of probable cause. As discussed below, Doss is therefore entitled to expunction.

2

Certified Document Number: 116393165 - Page 8 of 62

## ARGUMENT

Article 55.01 provides in pertinent part:

(a)   A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

    (2) each of the following conditions exist:

        (A) indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

        (B) he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered probation under Article 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109, Health and Safety Code; and;

        (C) he has not been convicted of a felony in the five years preceding the date of the arrest.

Paragraphs (B) and (C) have unquestionably been met. However, the District Attorney's Office contends that Paragraph (A) has not been met and that the dismissal was not the result of "mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal." This Court does not need to take the DA's word about the reasons for dismissal of case. Specifically, the expunction court may look at *any* admissible evidence to determine the State's true reason for dismissal. *Metzger v. Houston Police Dept.*, 846 S.W.2d 383, 385 (Tex. App.—Houston [14th Dist.] 1992, writ denied). For example, the Court can take judicial notice of the records of the underlying criminal matter. *Ex parte Wilson*, 224 S.W.3d 860, 863

3

(Tex. App.—Texarkana 2007, no pet.) (decision in expunction case may be based on judicial notice of court records).

Notably, and as will be established at the hearing, the dismissal of this case came after a pivotal moment when the jury, upon reviewing lunchroom video footage of the supposed incident, apparently reacted negatively, whereupon, the DA's office dismissed the charges. Given this timing, it is probable that the grand jury that issued the indictment either did not view, or did not view the video footage in its entirety. In sum, it is obvious that the indictment was based on mistake, false information, or "other similar reason indicating absence of probable cause." Indeed, as noted above, at the time of the dismissal, the DA's office had numerous witnesses under subpoena, and trial had commenced. There is simply no reason why, if probable cause was present at the time of indictment, the DA's office would have dismissed the charges and made no later effort whatsoever to re-institute the charges. Put another way, the decision to indict had to have been made based on erroneous or incorrect facts, otherwise, the later dismissal would not have occurred.

This is demonstrably not a case where, for example "a witness is no longer available or willing to testify at trial." *Matter of A.H.*, 580 S.W.3d 841, 851 (Tex. App.—El Paso 2019); *Barker v. State*, 84 S.W.3d 409, 411 (Tex. App.—Fort Worth 2002). Again, the DA's office had numerous witnesses lined up and under subpoena. No one was apparently unwilling to testify or unavailable. And therefore naturally, if the indictment had not been based on mistake, or erroneous or incomplete information, there would be no reason to abruptly dismiss the case.

In light of the foregoing considerations and the apparent inconsistencies in the handling of Mr. Christopher Doss's charges, Mr. Doss respectfully requests the court to align its decision with principles of fairness and justice by granting an expunction of Mr. Doss's record.

4

Certified Document Number: 116393165 - Page 9 of 62

208

All Exhibits
Are in correlations
with each other.

P3

THE STATE OF TEXAS
VS.

**CHRISTOPHER JAMARRL DOSS**
**12905 WOODFOREST BLVD, APT #712**
**HOUSTON, TX 77015**

SPN: 2828068
DOB: B M 05/20/1976
DATE PREPARED: 6/28/2017

D.A. LOG NUMBER: 2365944
CJIS TRACKING NO.:
BY: EV DA NO: 62187900
AGENCY:HIS
O/R NO: 1796399
ARREST DATE: TO BE

**FILED**
Chris Daniel
District Clerk

JUN 2 8 2017
Time_____ 12.10
Harris County, Texas
Deputy_____ pm

NCIC CODE: 3802 49          RELATED CASES:  2 FELONIES TOTAL

FELONY CHARGE:  INJURY TO CHILD

CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:          **1556873**
FIRST SETTING DATE:          **208**

BAIL: $5,000
PRIOR CAUSE NO:

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **CHRISTOPHER JAMARRL DOSS** , hereafter styled the Defendant, heretofore on or about **March 3, 2017**, did then and there unlawfully, intentionally and knowingly cause bodily injury to J. A. hereinafter styled the Complainant, a child younger than fifteen years of age, by twisting and pinching the skin around the nipple area of J. A.'s chest.

PROBABLE CAUSE

Affiant, Detective S. White a credible and reliable person employed as a certified peace officer presently with the Houston ISD Investigations bureau. Your affiant has good reason to believe and does believe, Christopher J. Doss hereafter styled the defendant, committed the offense of Injury to a Child in Harris County, Texas on or about March 03, 2017. Your affiant's belief is based on the following facts:

On March 3, 2017, Detective White was dispatched to an incident at HISD Briargrove Elementary School located at 6145 San Felipe in Houston, Harris County Texas. AFFIANT SPOKE WITH THE reportee Eden Jones- Hinds, A PERSON THAT AFFIANT FOUND BOTH CREDIBLE AND RELIABLE. Detective White was relayed the following facts: Two juvenile students are involved with the following initials of complainant #1 (JF) a ten year old Hispanic male, and complainant #2 (JA) a ten year old white male , hereafter styled the Complainant(s), who attend Briargrove Elementary School. Your affiant was informed on the morning of March 03, 2017, teacher Shirin Farahani stated to the school's principal Eden Jones- Hinds of a concern student(s) needing to speak with her about the defendant. Principal Hinds removed and spoke with Complainant (JF) and complainant (JA) separately. Reportee told your affiant that Both complainants had concerns involving the defendant Doss. Principal Hinds asked what happened, and was told by both complainants responding, "Mr Doss hits us in class and hurts us by twisting, pinching our chest and skin causing pain and bruising".

Reportee Eden Jones advised Detective White she saw the physical red marks and bruising to both Complainant's  comp#1 (JF) and comp#2 (JA)  chest area. All of the above information was gathered by school officials before Detective White arrived at Briargrove Elementary School. Det. White spoke to both complainants separately and confirmed the information. Comp#1 (JF) stated  to affiant that "The defendant doss would flick him on his ears, neck and head. He never understood why he would do these things. He would grab him by his chest "nipple twisters" pinching and turning hard causing pain. Comp#2 (JA) stated to affiant that "The defendant use to hit him with a ruler on his legs and calves area. He would pinch and squeeze my chest while twisting leaving red and bruising marks." Detective white physically on viewed the bruising and marks that the complainants said were made by defendant on both complainants. Detective white conducted an audio recording from both comp#1 (JF) AND COMP#2 (JA).

Detective White spoke with both Complainant's guardian/ parents of (JF) and (JA).  Your Affiant interviewed Traci Auld the parent of (JA) who stated that when she took (JA) to Briargrove Elementary School on the morning of March 3, 2017, he did not have any bruising or redness to his chest area. She also stated that after she picked (JA) up after school and took him home on March 3, 2017,she noticed that he did have redness to his chest that turned into bruising.. Your affiant also spoke to Anna Figueroa  the parent of (JF) who stated that on March 3, 2017, her child (JF)  did not have any bruising or redness to his chest area when she took him to Briargrove Elementary School that morning. She also stated that after she picked (JF) up after school and took him home she noticed that he did have redness to his chest that turned into bruising

COPY OF COMPLAINT/WARRANT DELIVERED TO

Officer's name:

Police agency:

Signature: 6-28-17     date/time: 12.25

Unofficial Copy Office of Marilyn Burgess District Clerk

# BURNS BAIL BONDS
## Legacy Bail Bonds/Metro Bail Bonds
### ACROSS THE STREET FROM THE CITY JAIL



609 HOUSTON AVENUE, HOUSTON, TEXAS 77007
Telephone (713) 227-3400 • Fax (713) 228-4606

| BOND NO(S) | DATE 6/29/17 |
|---|---|
| 2239038 | LIC (74346) 74529 74501 |

**NAME** Doss, Natasha

**ADDRESS** 12905 Woodforest Blvd #712

**CITY/STATE/ZIP** Houston, TX, 77015   **PHONE**

| STATE OF TEXAS VS. | CASE NO(S) | COURT(S) |
|---|---|---|
| Doss, Christopher | 1556873 1556871 | #208 |

| BOND AMT | FEE | PAID | BALANCE |
|---|---|---|---|
| $10,000 | $1,000 | $1,000 | $ 0 |

(CIRCLE) (FELONY) MISDEMEANOR

(CIRCLE) (FEE) PAYMENT B.F. COST OTHER

(CIRCLE) CASH CHECK (CREDIT CARD) M.O. WIRE

(CIRCLE) (POSTING FEE) NONE $15 ($30)

COLLATERAL OR SECURITY HELD

CASH PAID $ _____ OWES $ _____

DEED OF TRUST NOTE JEWELRY VEHICLE

OTHER _____

The Security held is to assure the principals appearance in court and it will be
returned if there is not a bond forfeiture, judgement nisi,
bond revocation or surrender

A VOID BOND FEE OF $75 PER BOND OR 3% OF THE BAIL BOND
(WHICHEVER IS GREATER) WILL BE CHARGED.
YOUR BOND MAY BE WRITTEN ON ANY ONE OF OUR LICENSES.

No. 7791   Received By _____

Certified Document Number 101a393165 - Page 12 of 62

# H TOWN BAIL BONDS

## BAIL BOND AGREEMENT

17624 Hwy. 3
Webster, TX 77598
281-480-9400

305 Caroline
Houston, TX 77002
713-224-7500

| 3000 | Injur Child under 15 | Harris | 1556873 |
|---|---|---|---|
| BOND AMOUNT | CHARGE (A) Injury | COUNTY | CASE NUMBER |
| 3000 | Injur Child under 15 | Harris | 1556871 |
| BOND AMOUNT | CHARGE (B) Injury | COUNTY | CASE NUMBER |
| | | | |
| BOND AMOUNT | CHARGE | COUNTY | CASE NUMBER |

The following information is furnished to the principal and every other person who pays the company a premium or other fees, or who furnishes the company any collateral security. The information listed herein as follows:

1. PRINCIPAL'S NAME  Doss, Christopher Jewerri
2. AMOUNT OF BAIL $  6000
3. AMOUNT OF BOND PREMIUM $  600 0
4. The bail bond premium will be refunded in full less a $ 60 paperwork fee if the bond is not posted by the company within twenty-four hours. Bail bond premium valid for 12 months.
Bail bond premiums are considered earned upon the posting of a bond. Earned bail bond premiums are not refundable and will not be reduced.
5. The fee of $  630  will be paid as follows:

   A. Down payment: $_____       B. Runner Fee: $_____
   C. Post Fee: $  30       D. Balance Due: $_____
   E. Payment terms: _____
   • Missed or Late Payments will result in the assessment of a late fee of $25.00.   **\*DEFENDANTS MUST REPORT**
   F. Paid in full by: _____       **IN THE OFFICE AFTER**

6. No other fees will be charged unless other expenses must be paid by the bonding company. **ALL COURTS.**
7. The bonding company may require principal to maintain and pay for ankle monitor.
8. The bonding company may file a Release of Surety for any of the following:   * You Must Call in Every  Check in with app
   A. Failure to pay bond premium as agreed.   Tuesday
   B. Failure of principal to report to bonding company once weekly.
   C. Failure to refrain from unlawful conduct.   **Between 8am – 5pm**
   D. Failure to report change of address, telephone, employment or attorney.
   E. Failure to remain in the jurisdiction of the court (attempt to flee).   12 o'clock midnight
   F. Failure to be present at all Court date settings.
   G. Failure to follow conditions of the bond required by the Court.
   H. Failure to maintain ankle monitor (if required).   see file

The Principal has retained the law firm of _____ who have requested the bonding company to post said bond and said law firm has agreed to collect the bond fee/deposit of $ see file from the Principal and remit same to the said bonding company. The bonding company does not recommend either this or any other attorney or law firm in a criminal case to a client Principal as it is against the law to do so.

_____ as Principal, have read the foregoing statement and agree to be bound by same, and request Troy McLehany DBA H-Town Bail Bonds to post my bail bond(s) and act as Surety in this manner.

_____ as associate of the Principal, who has forwarded money on behalf of the Principal, have read the foregoing statements and agree to be bound by the same and request Troy McLehany DBA H-Town Bail Bonds to post the bail bond for the Principal.

I, Troy McLehany DBA H-Town Bail Bonds, do state that I have furnished a copy of the foregoing statement to the Principal and/or other persons applicable thereto, and have fully explained same to the Principal and all persons necessary to be notified as set out in the Rules and Regulations of the Harris County Bail Bond Board.

It is the responsibility of the Principal to notify and provide proof to the Surety on the disposition of any cause.

_____       2/14/19

Employee Signature       Date

**THE BONDING COMPANY IS NOT RESPONSIBLE FOR NOTIFYING THE PRINCIPAL OF THEIR COURT DATE.**

Certified Document Number: 116391165 - Page 13 of 62



Certified Document Number: 11639165 - Page 14 of 62

DATE IS: _____ / _____ / 20 _____ @ _____ AM/PM COURT: 208 @ 201 Caroline
floor 10

# H-Town Bail Bonds

**PROMISSORY NOTE**

For a valuable consideration, the receipt and sufficiency of which is hereby acknowledged, we or either of us as principals, promise to pay to the order of H-TOWN BAIL BONDS, in any County in the State of Texas, the sum of $ 1,000.00 _____ dollars, in legal money of the United States of America, with interest thereon at the rate of ten percent (10%) per annum from date until paid.

The note is due and payable in full as follows at the election of the holder.

Without Demand of notice past due bond fees or the forfeiture of the Bail Bond of the below named Principal and Indemnitor(s) of said Principal or upon DEMAND, and a Demand upon one maker of this note shall be sufficient in notice as a Demand upon all said makers, whether made orally or in writing.

It is expressly agreed and provided that after this note becomes due and payable, the holder may agree with any of us to accept partial payments in installments and such agreement or payments shall not affect the liability of the makers who shall remain bound for payment hereof.

## AUTHORIZATION TO RELEASE INFORMATION

I, the below-named Principal and Indemnitor(s), hereby authorize any officer of H-TOWN BAIL BONDS, bearing this release, or any copy thereof, within eight years of its date, to obtain information in the files of the Department of Human Services, the Social Security Administration, SSI, Postal Service records, Telephone Records from local and long distance carriers, employment records including but not limited to academic achievement, attendance, personal history, medical records, credit records, credit history, rental office, pawn shop and any other record normally covered by the Freedom of Information Act. I hereby direct you to release such information upon request of the bearer of this form. This releases with full knowledge and understanding that this information is for the official use of H-TOWN BAIL BONDS. Consent is granted for H-TOWN BAIL BONDS to furnish such information as is described to third parties in the course of fulfilling its official responsibilities.

I hereby release you, as custodian of such records, and any school, college, university, medical or other repository medical records bureau, lending agencies, consumer reporting agencies, retail establishments, including its officers, employees, or related personnel individually and collectively, from all liability for damages of whatever kind which may at any time result to me, my heirs, or associates because of compliance with this authorization and request to release information, or any attempt to comply with it.

I waive any and all rights of privacy granted by, but not limited to, the 1989 Rights of Privacy Act, the Fair Credit Reporting Act or any / all Legislation be it Federal, State, or Local.

## ADDENDUM FOR ELECTRONIC NOTICES

1. While on bail, Principal and Indemnitor(s) agree to allow text and email notifications regarding defendant check-ins, court dates, and invoicing, if needed, to be electronically sent and received.
2. Court date notifications are meant as a helpful reminder, NOT AS FINAL CONFIRMATION OF A COURT DATE. Please call with any questions.
3. All new cell number changes will be updated with the completion of a new form with bonding company by that individual within 48 hours of any changes.

Failure to comply with any above condition of addendum shall be grounds to revoke the bond posted, re-arrest the Principal, and surrender them to the proper authorities. As part of our security measures to help prevent fraud and identity theft, when submitting your application and future transactions, you agree to allow surety to verify that your mobile phone is in proximity to the transaction location, and when signing into your account, to verify that you are near the transacting computer. This location verification data will be saved with other transaction information and will be available for use in resolving any concerns you may have. If you choose to opt-out at some point, you may do so by visiting www.mdnoptout.com and submit your name and mobile number. By submitting your application, you agree with the Terms and Conditions outlined therein for use of our services, and authorize your disclosure, and your financial institution and telephone carrier to disclose information to surety and our vendors from you and your account and about you, including (if available): name, billing address, email, phone number, financial, credit and personal information if needed. In the event of a re-arrest or surrender by H-TOWN BAIL BONDS, or any other authority, the Principal and Indemnitor(s) shall responsible for any fees or costs arising from such arrest. Collateral, if taken, cannot be returned to the Principal or Indemnitor(s) until the appropriate court provides written proof of discharge or exoneration of all the bail bonds posted. IF YOU CHOOSE TO OPT OUT, YOUR BOND COMPANY WILL BE NOTIFIED, AND YOUR BOND MAY BE SURRENDERED AT THE DISCRETION OF THE BOND COMPANY.

_____
Signature of Principal

_____
Principal Full Name

(832) 725 - 5804
Principal Phone Numbers

Principal Address
☐☐☐ - ☐☐ - ☐☐☐☐
Principal Social Security Number

_____
Principal Date of Birth    MMDDYYYY

_____
Signature of Indemnitor

Terrance - Jewett
Indemnitor Full Name

(832) 413 - 2092
Indemnitor Phone Numbers

_____
Signature of Indemnitor

_____
Indemnitor Full Name

( )    -
Indemnitor Phone Numbers

CAUSE NO. 1556871, 1556873

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DOSS, CHRISTOPHER | § | 208TH JUDICIAL DISTRICT |

**Cause Number:** 15567871, 1556873

**Charge:** Injury to a child under 15

**Law:** Texas Penal Code 22.041

A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual:

(1) serious bodily injury;

(2) serious mental deficiency, impairment, or injury; or

(3) bodily injury.

**Punishment Range:**
3rd degree. 2-10 years up to a $10,000.00 fine. Doss is probation eligible.

Enhancements: No priors.

Defenses: No affirmative defenses

Lesser included offenses:
  1. None

**Client's story:**
  No harm was ever done to any child in his school. There has been no reported abuse to children in his history has a teacher and he has no reason to start now.

**Witness Statement:**
  1. Joshua Figueroa: Doss grabbed hi twisting his chest and skin causing bruising. Doss has done this before. Doss would also flick his ear and head area.

2. Jaden Auld: Doss would grab him by pinching him on his chest. He stated that was done very hard causing him pain and bruising to be left on his body. Sometimes he would hit students on their legs with a yard ruler.
3. Eden Hinds (Principal): A group of students approached their teacher regarding rough handling of a child during lunch dismissal. The teacher reported this to me Thursday morning. The students identified Doss. Stating Doss grabbed Joshua Figeroa by the front of his shirt pulled him into the line. The child yelled "OW". This bothered the students. The student said he had bruises and the nurse documented the bruising.
4. Londyn Stevenson: Doss would give students nipple twisters, but this was never done to her. Doss would sometimes hit or tap students on their leg area. This was done to her once before.
5. Natile Salas: Mr. doss would hit us on the back of our leg with a ruler or flick behind the neck or on the shoulder
6. Diego Mejia: Flick on neck, pinch chest 3 times
7. Diego Espinosa: Flick in the neck,
8. Adrian Gomes: Mr. Doss hits people
9. Sebastian Camacho: Mr. Does grabbed a kid by the neck. Has grabbed Jaden by the nipple and hit him with a ruler.

**Evidence:**
1. Offence Report
2. Statements from student interviews
3. Employee Record
4. Student records
   a. Auld
   b. Figueroa
   c. Stevenson
5. CPS letter
6. Notification Letter
7. Message between Doss and Auld (FB)

**Needed evidence**
1. Recorded audio statements
2. Pictures
3. Video from principal
4. Full CPS report
5. Grand Jury testimony
   a. Auld
   b. Figueroa
   c. Stevenson
   d. Doss

**State's Offer:**

**Penalties of accepting offer:**

**Recommendation:**



**HOUSTON INDEPENDENT SCHOOL DISTRICT**
Hattie Mae White Educational Support Center
4400 West 18ᵗʰ Street • Houston, Texas 77092-8501

www. HoustonISD.org
www.twitter.com/HoustonISD

April 1, 2022

**Email (Delivery-Read Receipt)**

Christopher Doss
Cdoss7179@gmail.com

Dear Mr. Doss:

The Houston Independent School District Professional Standards Department is in receipt of the Level I Dispute Resolution Form filed by you on March 24, 2022. In the statement of concern, you reported that in November 2016 you were falsely charged with injury to a child. Further you stated that the criminal trial was dismissed, and you have lost valuable things in your life. You are requesting monetary compensation in the amount of $6.8 million.

After careful review of your personnel file, on or about June 7, 2017, a Separation Agreement and Full and Final Release was executed and accepted by your representative on your behalf. You have agreed to refrain from voluntarily participating in administrative hearings or proceeding against HISD, including grievances for any claims, demands, or causes of action. Therefore, the grievance is considered withdrawn. In accordance with HISD Board policy DGBA (LOCAL), once withdrawn a grievance cannot be reopened.

Should you have further questions, please do not hesitate to contact me at 713-556-7333 or jhamilt5@houstonisd.org.

Respectfully,

JaShonda Hamilton
Associate Professional Standards Analyst-HR

Enclosure

c:      File

## SEPARATION AGREEMENT AND FULL AND FINAL RELEASE

## FOR CHRISTOPHER DOSS

WHEREAS, the Houston Independent School District (hereinafter "HISD" or "district") has employed Mr. Christopher Doss (hereinafter "Mr. Doss") as a teacher; and

WHEREAS, Mr. Doss now desires to resign his employment with HISD; and

WHEREAS, HISD agrees to accept the resignation from Mr. Doss, and the parties would like to enter into a separation agreement and full and final release (Hereinafter "Release") to fully and completely resolve all current and future claims arising out of Mr. Doss's employment with HISD.

THEREFORE, the parties agree to the following terms:

I.

HISD agrees to:

(a) accept Mr. Doss's resignation, effective May 29, 2017;

(b) provide, through its outsourced representative or through its Department of Human Resources, in response to requests for references for Mr. Doss, states no more than the position(s) held by Mr. Doss, the last salary paid, and the dates of employment;

(c) request that the HISD Board of Trustees withdraw its previous action to terminate Mr. Doss's contract. By approving this agreement, the Board rescinds its prior action to propose the termination of Mr. Doss's contract.

II.

In exchange for the consideration stated above in Section I, Mr. Doss

(a) agrees to resign his employment with the District effective May 29, 2017;

(b) agrees to release, acquit and forever discharge HISD, its past, present, and future trustees, officers, employees, representatives and agents (in their official and individual capacities), from any and all claims, demands and causes of action of whatever nature, known or unknown, past, present or future, state and/or federal arising out of the employment relationship between the parties through the effective date of this Agreement and Release, including, but not limited to rights and claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, the Texas Labor Code, The Texas Whistleblower Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Americans with Disabilities Act, First Amendment and Fourteenth Amendment

Certified Document Number: 116393165 - Page 1 of 62

and any other state, federal statutory, constitutional or common law claim, including any breach of contract claim or tort claim, arising out of or otherwise related to Mr. Doss's employment with HISD and/or his resignation from his employment with HISD. This release is binding as to Mr. Doss, his heirs, successors, and assigns;

(c) agrees, warrants and represents that he has not filed any legal, equitable, or administrative action (including a grievance) against HISD and/or any of its current and/or former employees; members of the Board of Trustees, officials, agents, attorneys, or representatives in any court or administrative agency, federal or state, or in any other forum, which action is in any way related to or based upon his employment with HISD and/or related to his resignation from his employment with HISD and warrants same;

(d) agrees to refrain from suing or voluntarily participating in any lawsuit or administrative hearing or proceeding against HISD (including a grievance), for any claims, demands or causes of action of any nature in any court or administrative agency, federal or state, or in any other forum, relating to any act and/or omission that occurred prior to and including the date of execution of this Agreement and Release which action is in any way related to or based upon his employment with HISD and/or his resignation from his employment with HISD;

(e) agrees, warrants and represents to HISD before executing this Agreement and Release that he fully informed himself of its terms and conditions, contents and effects, that he had an opportunity to consult with an attorney or any other individual of his choosing, and that this Agreement and Release is executed without reliance upon any statement, promise, or representation by the HISD or anyone else acting for it or on its behalf other than what is outlined in this Agreement and Release; and

(f) agrees not to seek to be re-employed by HISD in any manner whatsoever, including but not limited to, full-time salaried or hourly, part-time salaried or hourly. In the event, he seeks and receives any such employment by whatever means, he agrees that such employment relationship and/or contract shall be void and shall resign immediately upon request by HISD.

III.

A.    The parties agree and acknowledge the consideration referenced in Sections I and II in this Agreement and Release are accepted as a full, complete, and final compromise of all claims that were or could have been asserted in connection with Mr. Doss's employment with or resignation from HISD, including disputed issues.

Doss Release Agreement                                        Page 2 of 4

Certified Document Number: 116393165 - Page 20 of

B. The Parties agree and acknowledge that this final compromise and release applies to all of Ms. Doss's claims, damages, and injuries known and anticipated, as well as, those not known or anticipated.

C. Both the HISD and Mr. Doss agree that the terms and conditions of this Agreement and Release are contractual and not merely recitals.

D. This Agreement and Release constitutes the complete understanding and expression of the parties' agreement and supersedes any and all prior and contemporaneous representations, agreements, discussions and negotiations, either oral or written, by and between any of the parties, their respective legal counsel and/or representatives. No oral understandings, statements, promises or inducements contrary to or other than the terms of this Agreement and Release exist. This Agreement and Release may not be amended orally.

E. If any provision of this Agreement and Release is determined to be illegal or unenforceable, then that provision shall be deemed stricken and all remaining provisions shall remain in full force and effect.

F. This Agreement and Release shall be governed by, construed, and enforced in accordance with the laws of the State of Texas applicable to contracts made and wholly performed within such state (without regard to the conflicts or choice of law principles thereof). The parties hereto irrevocably consent to the jurisdiction of the State of Texas and agree that Harris County, Texas, shall be the mandatory and exclusive place of venue to resolve any dispute with respect to this Agreement and Release.

G. The parties acknowledge, warrant, and represent that this Agreement and Release has been mutually drafted and entered into based upon their own independent knowledge and judgment and on the advice of their own legal counsel and/or representatives of their own free choice. The parties further acknowledge, warrant, and represent that their attorneys and/or representatives have explained the terms and ramifications of this Agreement and Release, that they fully understand and voluntarily accept the terms of the Agreement and Release, and that no promise or agreement that is not herein expressed has been made to them in executing this Agreement and Release. Neither party has acted in reliance on any representation, advice, nor other action of the other party, except as provided for herein.

[INTENTIONALLY LEFT BLANK]

Doss Release Agreement

Certified Document Number: 11639165 - Page 21 of 63

H. The parties have caused this Agreement and Release to be executed in multiple counterparts, either of which shall be deemed an original, but which taken together constitute one and the same instrument.

WITNESS BY HAND AND SIGNATURE on the date stated.

_Christopher Doss_     5-25-2017
Christopher Doss       Date

HOUSTON INDEPENDENT SCHOOL DISTRICT

_Wanda Adams_     6/8/17
Wanda Adams       Date
President, HISD Board of Education

_Rhonda Skillern-Jones_     6/8/17
Rhonda Skillern-Jones       Date
Secretary, HISD Board of Education

_Richard Carranza_     6/9/17
Richard Carranza       Date
Superintendent of Schools

APPROVED AS TO FORM ONLY:

_Elneita Hutchins-Taylor_     6-7-2017
Elneita Hutchins-Taylor       Date
General Counsel

Certified Document Number: 11639316S - Page 22 of 62

*Christopher Doss*
5661 Birchmont Dr. Unit H
Houston, Texas 77090

**June 28, 2021**

Texas Education Agency
Attention: **Mark Duncan**
Office of Legal Services
1701 North Congress Avenue
Austin, Texas 78701-1494

Re: *In the Matter of Christopher Doss*; Before the State Board of Educator Education

Dear Mark Duncan:

This letter is sent in response to your letter dated June 14, 2021 to address my missed hearing on May 18, 2021 with the State Office of Administrative Hearings. I would like to ask that the SBEC not issue the Final Order deeming the allegations previously forwarded in the Original Petition be submitted as true and I formally would like to contest this motion.

Furthermore, I ask for my right to appear before the SBEC to address my concern to be reinstated and as the charges against me were untrue and inaccurate. As to the explanation of my absence from the hearing, unfortunately due to my ..........??? physical health, specifically my ... is the reason for my absence. I would like to know if a new date and time to attend the hearing could be scheduled to ensure that my matter is heard.

Thank you for your time and consideration in this matter.
Sincerely,


Christopher Doss
CMRRR:

(j)     Harris County District Clerk's Office
Attn: Expunctions
1200 Baker
Houston, TX 77002

(k)     Harris County Attorney Office
Attn: Vince Ryan/Expunctions
1019 Congress Street 15th Floor
Houston, TX 77002

(l)     Harris County Auditor
Attn: Expunctions
1001 Preston, 8th Floor
Houston, TX 77002

(m)     Texas Highway Patrol
Attn: Expunctions
9000 IH 35 N.
Austin, TX 78767

(n)     Harris County Clerk
Attn: Stan Stanart/Expunctions
P. O. Box 1525
Houston, TX 77251-1525

(o)     Harris County Constable, Justice of Peace Precinct 1, Place 2
Attn: Criminal Department/Expunctions
1302 Preston
Houston, TX 77002
*When you list a Justice of Peace court, list only the Court that pertains to your case.

(p)     Harris County Constable, Justice of Peace Precinct 2, Place 1
Attn: Criminal Department/Expunctions
10851 Scarsdale Suite 500
Houston, TX 77089
*When you list a Justice of Peace court, list only the Court that pertains to your case

(q)     Harris County Constable, Justice of Peace Precinct 2, Place 2
Attn: Criminal Department/Expunctions
101 Richey -Suite B
Houston, TX 77506
*When you list a Justice of Peace court, list only the Court that pertains to your case

(r)     Harris County Constable, Justice of Peace Precinct 3, Place 1
Attn: Criminal Department/Expunctions
14350 Wallisville Road- Suite 102
Houston, TX 77049
*When you list a Justice of Peace court, list only the Court that pertains to your case

(s)     Harris County Constable, Justice of Peace Precinct 3, Place 2

2

Certified Document Number: 116393165 - Page 24 of 62

Here is the list of agencies that might be notified on the Petition for Expunction of Criminal Records in Harris County:

(a)      Harris County Sheriff's Department
Attn: Expunctions
1301 Franklin
Houston, TX 77002

(b)      Texas Department of Public Safety
Crime Records Service MSC 0234
P. O. Box 4143
Austin, TX 78765-4143

(c)      Office of Court Administration
ResearchTx
205 W. 14th Street, Suite 600
Austin, X 78701

(d)      Harris County District Attorney's Office
Attn: Expunctions
1201 Franklin, 6th Floor
Houston, TX 77002

(e)      Houston Police Department
Attn: Expunctions
1200 Travis, 16th Floor
Houston, TX 77002

(f)      Harris County District Clerk's Office
Attn: Expunctions
1201 Franklin, 3rd Floor
Houston, TX 77002

(g)      Harris County Pretrial Services
Attn: Expunctions
1201 Franklin
Houston, TX 77002

(h)      Harris County Constable, Justice of Peace Precinct 1, Place 1
Attn: Criminal Department/Expunctions
7300 N. Shephard-Room 138
Houston, TX 77091
*When you list a Justice of Peace court, list only the Court that pertains to your case

(i)      City of Houston Municipal Court #_____
1400 Lubbock
Houston, TX 77002

Kind regards,
Gyongyi Pinter

On Aug 19, 2016 10:29 AM, "Jones, Eden A"
<EJONES16@houstonisd.org<mailto:EJONES16@houstonisd.org>> wrote:
Unfortunately we have a waiting list for fourth. I will not be able to do so unless someone leaves and
during the first week I am obligated to service this list first.
We will make note of your request. Let's see how the first week goes. Thanks for your patience in this
process.

Sent from my iPhone

On Aug 19, 2016, at 9:41 AM, Gyongyi Pinter
<gyongyoskep@gmail.com<mailto:gyongyoskep@gmail.com><mailto:gyongyoskep@gmail.com<mailto:
gyongyoskep@gmail.com>>> wrote:


Ms. Hinds,

I was wondering what are the chances that my son could go to a different teacher's classroom?  Please
advise,

Thank you,
Gyongyi Pinter
832 276 0488<tel:832%20276%200488>

2

**Doss, Natasha**

From: Natasha king <jbs13232@yahoo.com>
Sent: Friday, December 17, 2021 8:47 PM
To: Doss, Natasha
Subject: Fw: Fwd: Fw: coverage at 1pm
Attachments: image001.gif

This Email is from an EXTERNAL source. Ensure that you trust this sender before clicking on any links or attachments.

Sent from Yahoo Mail for iPhone

Begin forwarded message:

On Wednesday, April 18, 2018, 1:24 PM, Christopher Doss <dosschristopher2@gmail.com> wrote:

You don't even know my friend.

--------- Forwarded message ---------
From: Doss, Christopher J <Christopher.Doss@houstonisd.org>
Date: Tue, Apr 4, 2017, 12:39 PM
Subject: Fw: coverage at 1pm
To: Chris Doss (dosschristopher2@gmail.com) <dosschristopher2@gmail.com>

---

From: Doss, Christopher J
Sent: Friday, November 4, 2016 6:49:16 AM
To: Jones, Eden A
Subject: Re: coverage at 1pm

*She constantly asked if I wanted to transfer, I never requested any transf*

I've did everything you've asked of me. Living Tree, I grade from answer keys, so not understanding how answers are incorrect. We were suppose to set up class dojo, so I had to play around with it. Yusof isn't at the school anymore, I have students bring agendas daily, and for students that have behavior issues, I write in the agendas so parents can see I'm communicating. My students are low. I try to spend all my time attempting to close gaps. I've been called incompetent, but I'm a highly qualified teacher. Maybe I'm not fit for this. I try to love my students, all students, regardless. Sorry for all of this. I had issues form week one. I will see at 1.

Thank you for all that you do.

*Constantly Being Harrassed & took my life.*

**From:** Jones, Eden A
**Sent:** Thursday, November 3, 2016 4:17 PM
**To:** Tobar, Roberto A
**Cc:** Parker, Olubunmi F; Doss, Christopher J
**Subject:** coverage at 1pm

Hi Roberto:

Could you please cover Chris Doss's class at 1pm so he and I can meet? We only need 30-40 minutes. I appreciate your flexibility. Please let me know.

Thanks.

**Eden Jones-Hinds**
Principal/ Head of School
Briargrove Elementary - *IB World School*
Houston Independent School District
6145 San Felipe
Houston, Texas 77057
(713) 917-3600
One School. One Community. One Great Place to Be.

Certified Document Number: 116393165 - Page 28 of 62

**Doss, Natasha**

| | |
|---|---|
| **From:** | Natasha King <jbs13232@yahoo.com> |
| **Sent:** | Friday, December 17, 2021 9:05 PM |
| **To:** | Doss, Natasha |
| **Subject:** | Fw: Fwd: 4th grade |

This Email is from an EXTERNAL source. Ensure that you trust this sender before clicking on any links or attachments.

*This was because of my ethnicty.*

Sent from Yahoo Mail for iPhone

Begin forwarded message:

On Wednesday, April 18, 2018, 1:38 PM, Christopher Doss <dosschristopher2@gmail.com> wrote:

You have no idea

---------- Forwarded message ----------
From: Jones, Eden A <EJONES16@houstonisd.org>
Date: Mon, Aug 22, 2016 8:57 PM
Subject: Re: 4th grade
To: Gyongyi Pinter <gyongyoskep@gmail.com>

Due to capping we haven't had anyone leave or an opening to move. There is not a rule about shirts tucked in. I know Mr. Doss is working on building confidence with one aspect taking care of appearance and being purposeful in intentions.
His resume is full of team building and academic growth winning teacher of the year two times in his 12 years. I encourage you to have a conference first before we consider doing this.
Thank you,
Eden Hinds

Sent from my iPhone

On Aug 22, 2016, at 4:02 PM, Gyongyi Pinter <gyongyoskep@gmail.com<mailto:gyongyoskep@gmail.com>> wrote:

Ms. Hinds,

Will you be able to do anything to move Rafael to another classroom? He doesn't even have any of his friends in this class.

Since when is it a requirement to tuck in their t-shirt? And only boys...

Please advise, I would appreciate any effort this time.

Certified Document Number: 116393165 - Page 29 of 62

Attn: Criminal Department/Expunctions
701 W. Baker
Baytown, TX 77521
*When you list a Justice of Peace court, list only the Court that pertains to your case


(t)     Harris County Constable, Justice of Peace Precinct 4, Place 1
        Attn: Criminal Department/Expunctions
        6831Cypresswood Dr.- Suite 4
        Spring, TX 77379-7700
*When you list a Justice of Peace court, list only the Court that pertains to your case


(u)     Harris County Constable, Justice of Peace Precinct 4, Place 2
        Attn: Criminal Department/Expunctions
        7900 Will Clayton
        Humble, TX 77338
*When you list a Justice of Peace court, list only the Court that pertains to your case


(v)     Harris County Constable, Justice of Peace Precinct 5, Place 1
        Attn: Criminal Department/Expunctions
        6000 Chimney Rock-Suite 102
        Houston, TX 77081
*When you list a Justice of Peace court, list only the Court that pertains to your case


(w)     Harris County Constable, Justice of Peace Precinct 5, Place 2
        Attn: Criminal Department/Expunctions
        16715 Clay Rd-Suite 4
        Houston, TX 77084
*When you list a Justice of Peace court, list only the Court that pertains to your case


(x)     Harris County Constable, Justice of Peace Precinct 6, Place 1
        Attn: Criminal Department/Expunctions
        333 Lockwood
        Houston, TX 77011
*When you list a Justice of Peace court, list only the Court that pertains to your case


(y)     Harris County Constable, Justice of Peace Precinct 6, Place 2
        Attn: Criminal Department/Expunctions
        1001SSGT Macario Garica
        Houston, TX 77011
*When you list a Justice of Peace court, list only the Court that pertains to your case


(z)     Harris County Constable, Justice of Peace Precinct 7, Place 1
        Attn: Criminal Department/Expunctions
        5737 Cullen Blvd.
        Houston, TX 77021
*When you list a Justice of Peace court, list only the Court that pertains to your case


(aa)    Harris County Constable, Justice of Peace Precinct 7, Place 2

Certified Document Number: 116393165 - Page 30 of 62

Attn: Criminal Department/Expunctions
5300 Griggs Rd.
Houston, TX 77021
*When you list a Justice of Peace court, list only the Court that pertains to your case

(bb)    Harris County Constable, Justice of Peace Precinct 8, Place 1
Attn: Criminal Department/Expunctions
7330 Spencer Hwy.
Pasadena, TX 77505
*When you list a Justice of Peace court, list only the Court that pertains to your case

(cc)    Harris County Constable, Justice of Peace Precinct 8, Place 2
Attn: Criminal Department/Expunctions
16603 Buccaneer
Houston, TX 77062
*When you list a Justice of Peace court, list only the Court that pertains to your case

(dd)    City of Houston Attorney
Legal Department
Attn: Criminal Department/Expunctions
P. O.  Box 368
Houston, TX 77001-0368

(ee)    Texas Department of Criminal Justice
Office of General Counsel
P. O. Box 99
Huntsville, TX 77342

4

Certified Document Number: 116393165 - Page 31 of 62

Certified Document Number: 101 a55cef... Page 32 of 62



4/15/2024 4:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 86680179
By: Nathaly Maldonado
Filed: 4/15/2024 4:45 PM

Pgs-3

SDD
NCA
8A

CAUSE NO. 2024-04128

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| DOSS, CHRISTOPHER | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| | § | 157th JUDICIAL DISTRICT |

Defendant SPN # 02828068

## <u>ORDER OF EXPUNCTION</u>

On this date came on to be heard the petitioner's request for expunction filed in the above-captioned cause. Having considered the pleadings and other documents on file herein, the Court finds that it has jurisdiction over the instant cause and the parties thereto; that the State of Texas has been notified of the petitioner's request; and that the petition for expunction should be granted.

The petitioner's identifiers and the relevant facts of his arrest and prosecution are listed, and a copy of the order of dismissal incorporated by reference. The tracking incident number (TRN) assigned to the individual incident of arrest under Article 60.07(b)(1) by the Texas Department of Public Safety is 926536985XA002.

| | |
|---|---|
| Full Name (first, middle, last): | DOSS, CHRISTOPHER JAMARRL |
| Sex: | M |
| Race: | B |
| Date of Birth: | 05/20/1976 |
| Driver's license number: | 23128104 |
| Social Security No.: | 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 |
| Address at time of arrest: | 12905 Woodforest Blvd. |
| | Houston, Texas 77015 |
| Offense charged: | INJURY CHILD UNDER 15 B/INJURY |
| Date of alleged offense: | 3/3/2017 |
| Date of your arrest: | 06/29/2017 |
| County where you were arrested: | Harris |
| Municipality of arrest: | Harris County, Houston, Texas |
| Arresting agency: | H.I.S.D. Police Department/H.C.S.O. |
| Case Number(s): | 164655101010 |
| Court: | 208th |

It is hereby ORDERED, ADJUDGED and DECREED that the request for expunction filed in the above-captioned cause is GRANTED as to those files and records of the arrest of the petitioner that are related to the prosecution and acquittal of the petitioner in attached Judgment(s) of Acquittal.

The respondents shall return all records and files concerning the specified arrest to this Court, or if removal is impracticable, obliterate all portions of the record or file that identify the petitioner, including all computer entries, and notify this Court of its action.

The respondents shall delete from their public records all index references to the records and files that are subject to this expunction order.

The respondent district clerk shall not permit inspection of the court records concerning this expunction proceeding by any person other than the petitioner herein unless: (a) this order permits retention of the record under Section 4 of Article 55.02, Texas Code of Criminal Procedure and the petitioner is again arrested for or charged with an offense arising out of the transaction for which the petitioner was originally arrested; or (b) this Court provides for the retention of records and files under Section 4(a) of Article 55.02, Texas code of Criminal Procedure.

The respondent clerk shall obliterate all public references to this proceeding and maintain the file and all other records in an area not open to inspection.

Pursuant to Article 55.03 of the Texas Code of Criminal Procedure, the petitioner may deny the occurrence of the expunged arrest and this expunction order, except said petitioner, when questioned under oath in a criminal proceeding about said arrest, may state only that the matter in question has been expunged.

The Department of Public Safety shall notify any central federal depository of criminal records by any means, including electronic transmission, of this order with an explanation of the effect of the order and a request that the records in possession of the depository, including any information with respect to this order, be destroyed or returned to the Court.

The district clerk shall cause a certified copy of this order to be delivered, by certified mail, return receipt requested, to the following agencies designated by the petitioner:

(1)    Harris county sheriff's Department – ATTN: Systems Division
1200 Baker Street
Houston, TX 77002
Attn: Expunction Dept.

(2)    Crime Records Service
Texas Department of public Safety
P.O. Box 4143
Austin, TX 78765-4143
Attn: Expunction Dept.

(3)    Harris County District Attorney's Office
Attn: Expunction Dept.
1310 Prairie, 5TH Floor
Houston, TX 77002

(4)    Harris County Pre-Trial Services
Attn.: Expunction Dept.
102 San Jacinto
Houston, TX 77002

2

Certified Document Number: 114000985 - Page 2 of 3
Certified Document Number: 116331665 - Page 34 of 62

(5)     ocaexpunctions@txcourts.gov
        OCA Expunctions - Legal Division
        205 W. 14th Street, Suite 600
        Austin, TX 78701

(6)     Houston Independent School District Police Department
        3500 Tampa Street
        ATTN: Expunction Department
        Houston, TX 77021

---

The following exception to this order ☐ applies ☐ does not apply:

Pursuant to Section 4(1) of Article 55.02, Texas Code of Criminal Procedure, the law enforcement agency and the prosecuting agency responsible for investigating the office for which the petitioner was arrested may retain any records necessary to conduct a subsequent investigation and prosecution of a person other than the petitioner who is the subject of this order.

---

The following exception to this order ☐ applies ☐ does not apply:

Pursuant to Section 4(a) of Article 55.02, Texas Code of Criminal Procedure, the State has established records and files of the petitioner's arrest that are related to the prosecution and acquittal of the petitioner in the mentioned case are necessary for use in another criminal case and/or in a civil case. Accordingly, the law enforcement agency and the prosecuting agency responsible for investigating the offence may retain any records necessary for such use.

---

Signed: _____

Signed:
4/22/2024

_____
Judge Presiding

Certified Document Number: 116393165 - Page 35 of 62
Certified Document Number: 114000985 - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 3, 2024

Certified Document Number:      114000985



Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated**
**documents are valid. If there is a question regarding the validity of this document and or seal**
**please e-mail support@hcdistrictclerk.com**

DOSS, CHRISTOPHER J

Vs.

HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

157th JUDICAL DISTRICT

## NOTICE OF EXPUNCTION FINAL

TO: HOUSTON INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT

HARRIS COUNTY DISTRICT ATTORNEYS OFFICE BY SERVING BRIAN L ROSE ASSISTANT DISTRICT ATTORNEY

HARRIS COUNTY OFFICE OF COURT SERVICES BY SERVING KELVIN L BANKS

HARRIS COUNTY SHERIFFS DEPARTMENT BY SERVING MAJOR MAC MCKELVY

TEXAS DEPARTMENT OF PUBLIC SAFETY BY SERVING EXPUNCTION UNIT CRIME RECORDS SERVICE (MSC 0234)

You are hereby notified that the has been signed.

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas

201 Caroline Houston, Texas 77002

(P.O. Box 4651, Houston, Texas 77210)

Generated on: 5/10/2024 12:16:07 PM



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 3, 2024

Certified Document Number:        114331531



Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated**
**documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Certified Document Number: 11639\*165\* 39 of 62



EXPARTE NO. 1646551

THE STATE OF TEXAS §
§
V. §
§ IN THE 208TH DISTRICT COURT
§ HARRIS COUNTY, TEXAS
DOSS, CHRISTOPHER JAMARRL §
§
A/K/A : DOSS, CHRISTOPHER JAMARRL §

Defendant SPN # 02828068

## ORDER OF EXPUNCTION

On this date, came on to be heard the petitioner's request for expunction filed in the above-captioned cause. Having considered the pleadings and other documents on file herein, the Court finds that it has jurisdiction over the instant cause and the parties thereto; that the State of Texas has been notified of the petitioner's request; and that the petition for expunction should be granted.

The petitioner's identifiers and the relevant facts of his arrest and prosecution are listed, and a copy of the judgment of acquittal is attached and incorporated by reference. The tracking incident number (TRN) assigned to the individual incident of arrest under Article 60.07(b)(1) by the Texas Department of Public Safety is 926536985XA002.

| | |
|---|---|
| Full Name (first, middle, last): | DOSS, CHRISTOPHER JAMARRL |
| Sex: | M |
| Race: | B |
| Date of Birth: | 5/20/1976 |
| Driver's license number: | 23128104 |
| Social security number: | 471846402 |
| Address at time of arrest: | 12905 WOODFOREST BLV |
| Offense charged: | INJURY CHILD UNDER 15 B/INJURY |
| Date of alleged offense: | 3/3/2017 |
| Date of your arrest: | 6/29/2017 |
| County where you were arrested: | HARRIS |
| Municipality of arrest: | HARRIS COUNTY, HOUSTON, TX |
| Arresting agency: | H.I.S.D. POLICE DEPARTMENT/H.C.S.O. |
| Case Number (s): | 164655101010 |
| Court: | 208TH |

It is hereby ORDERED, ADJUDGED and DECREED that the request for expunction filed in the above-captioned cause is GRANTED as to those files and records of the arrest of the petitioner that are related to the prosecution and acquittal of the petitioner in attached Judgment(s) of Acquittal.

The respondents shall return all records and files concerning the specified arrest to this Court, or if removal is impracticable, obliterate all portions of the record or file that identify the petitioner, including all computer entries, and notify this Court of its action.

The respondents shall delete from its public records all index references to the records and files that are subject to this expunction order.



Address:

| The following exception to this order ☒ applies ☐ does not apply: |
| --- |
| Pursuant to Section 4(a) of Article 55.02, Texas Code of Criminal Procedure, the law enforcement agency and the prosecuting agency responsible for investigating the offense for which the petitioner was arrested may retain any records necessary to conduct a subsequent investigation and prosecution of a person other than the petitioner who is the subject of this order. |

| The following exception to this order ☒ applies ☐ does not apply: |
| --- |
| Pursuant to Section 4(a) of Article 55.02, Texas Code of Criminal Procedure, the State has established that the records and files of the petitioner's arrest that are related to the prosecution and acquittal of the petitioner in the mentioned cause are necessary for use in another criminal case and/or a civil case. Accordingly, the law enforcement agency and the prosecuting agency responsible for investigating the offense may retain any records necessary for such use. |

Signed this day 10/4/2019

GREG GLASS
Judge Presiding

# Marilyn Burgess

**HARRIS COUNTY DISTRICT CLERK**

P.O. BOX 4651

HOUSTON, TEXAS 77210-4651

## *Certificate Of Disposition*

DATE: 6/3/2024

NAME: DOSS, CHRISTOPHER JAMARRL

DATE OF BIRTH: 5/20/1976

This certificate is issued under seal, certifying that the information contained herein is a true and correct restatement of the summary electronic data of the records filed and/or recorded in the District Clerk's Office, as it appears on this date. A criminal search was conducted from 1976 to present. Records pertaining to federal entities, other Counties', Justices of the Peace or other Municipalities' Class C misdemeanor will NOT be displayed.

**The search results are dependent on identifiers entered by the user.**

The following 2 charges were found :

FILING DATE: 6/28/2017      DEFENDANT NAME: DOSS, CHRISTOPHER JAMARRL

CASE: 155687301010      COURT: 208

OFFENSE REPORT NO.: HOUSTON ISD OFFENSE NO: 1796399

OFFENSE: INJURY CHILD UNDER 15 B/INJURY      LEVEL/DEGREE: Felony Third Degree

DISPOSITION:

DISMISSED 10/9/2019

---

FILING DATE: 12/16/2015      DEFENDANT NAME: DOSS, CHRISTOPHER JAMARRL

CASE: 206386301010      COURT: 006

OFFENSE REPORT NO.: SHERIFF'S DEPARTMENT OFFENSE NO: HC150197129

OFFENSE: POSS MARIJUANA UNDER 2 OZ (HSC      LEVEL/DEGREE: Misdemeanor

DISPOSITION:

DISMISSED 4/25/2016

The following definitions apply only if cited as a part of the disposition above.

12.44 (b) The court authorized the state to prosecute the case as a misdemeanor under Texas Penal Code section 12.44 (b)

Deferred Adjudication of guilt-the court deferred further proceedings without entering a finding of guilt and placed the defendant on community supervision.

Deferred Adjudication of guilt terminated, defendant charged, case dismissed defendant completed community supervision and a dismissal and discharge may not be deemed a conviction (felony or misdemeanor) for the purposes of disqualification disabilities imposed by law for conviction of an offense.

Witness my official hand and seal of office on    6/3/2024

**Marilyn Burgess**
District Clerk Harris County, Texas

2239038

# BAIL BOND

COURT SETTING:

CHARGE __INJURY CHILD UNDER 15 B/INJURY__

DATE __06/30/2017__

TIME __8:00 am__

(HARRIS COUNTY TEXAS seal)

SPN __02828068__

**Known All Men By These Presents:**

That we, __DOSS, CHRISTOPHER JAVARRL__ , or principal, and the

undersigned __Christopher Daniel Freyer__

as sureties, are held and firmly bound unto the STATE OF TEXAS, in the penal sum of

__FIVE THOUSAND__ ($ __5,000.00__ ) Dollars and, in addition thereto, we are bound for the payment of all fees and expenses that may be incurred by any peace officer in re-arresting the said principal in the event any of the hereinafter stated conditions of this bond are violated for the payment of which sum or sums well and truly to be made, we do bind ourselves, and each of us, our heirs, executors and administrators, jointly and severally.

THE CONDITION OF THIS BOND IS THAT THE DEFENDANT HAS BEEN CHARGE WITH A __FELONY__

_(Felony-Misdemeanor)_

offense and to secure his release from custody is entering into this obligation binding him to appear before

__DISTRICT COURT #208__ County of Harris County, Texas.

NOW THEREFORE, IF THE SAID PRINCIPAL SHALL WELL AND TRULY MAKE HIS PERSONAL APPEARANCE BEFORE SAID COURT INSTANTER, AS well as before any other court to which the same may be transferred and for any an all subsequent proceedings that may be had relative to said charge in the course of criminal actions based on said charge, and there remain from day to day and term to term of said courts, until discharged by due course of law, then and there to answer said accusation against him, this obligation shall become void, otherwise to remain in full force and effect.

Taken and approved this

SIGNED AND DATED __JUNE 29th__ , 20 17

day of __JUNE 29th__ , 20 17

X __Chris Doss__
_(Principal Signature)_

by _____ , Deputy

Sheriff, Harris County Texas

__11705 Wood Crest Blvd. #718__
_(Mailing Address)_

__Houston Tx. 77015__
_(City and State)_

__Christopher Daniel Freyer__ Surety
__609 Houston Ave.__
_(Mailing Address)_
__Houston, Tx. 77007__ __(713) 227-3400__
_(City and State)_ _(Phone)_

RACE ___ SEX ___ DOB ___ HT. ___ WT. ___

HAIR ___ EYES ___ DL# ___ STATE ___

Lic.# __74346__ Empl. ___

__(832) 453-5231__

THE DEFENDANT SHALL NOT HAVE ANY CONTACT WITH THE PROSECUTION /S/, WITNESS /S/, THE COMPLAINANT /S/, OR THE ALLEGED VICTIM /S/.

Jail Location __HC__

Citizen Status: ___

Holds: __N__

ICE: A# ___

F I L E D
Chris Daniel
District Clerk
JUN 3 0 2017
Time _____
Harris County, Texas

SB COST RECEIPT # __81385l__

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

OATH OF SURETIES
THE STATE OF TEXAS
COUNTY OF HARRIS

I, __Christopher Daniel Freyer__

_____ do swear that we are worth in our own right, at least double the amount of the sum for which we are bound, exclusive of all property exempted by law from execution, and of debts or other encumbrances, that we are residents of the State of Texas and I have property in the State of Texas liable to execution worth the sum for which I am bound.

Surety (Signature) __Christopher Daniel Freyer__

X __Natasha__

Presenter (Signature)

(Notary seal)
RHONDA WILLIAMS
126809747
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
FEBRUARY 19, 2021

SUBSCRIBED AND SWORN to before me this __29th__

day of __JUNE__ A.D. 20 __17__

_____
NOTARY PUBLIC HARRIS COUNTY

My Commission Expires: __2.19.21__

Presenter Rt. Thumb Print

TX DL
ID #: __23948659__

**ORIGINAL-DISTRICT CLERK**

11-01-2009

Certified Document Number: 116393165 - Page 43 of 62

Cause No. 1556873

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | 208TH CRIMINAL DISTRICT COURT |
| VS. | § | |
| CHRISTOPHER DOSS | § | HARRIS COUNTY, TEXAS |

## STATE'S NOTICE OF INTENT TO USE AS EVIDENCE BUSINESS RECORDS ACCOMPANIED BY AFFIDAVIT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE STATE OF TEXAS, by and through its undersigned Assistant District Attorney and hereby gives notice pursuant to Texas Rules of Criminal Evidence 902 (10) of its intent to use as evidence business records accompanied by affidavit in the trial of the above styled and numbered cause. The records involved are the business records from the some of the following entities:

1.) Custodian of Records, Houston Independent School District

Said records shall be served on the Defendant's attorney at least 14 days prior to trial.

Respectfully submitted,

/s/ michael abner
Michael abner
Assistant District Attorney
Harris County, Texas

## CERTIFICATE OF SERVICE

This is to certify that on **March 22, 2019**, a copy of the foregoing instrument has been provided to the Defendant's Attorney of Record.

/s/ Michael abner
Michael abner
Assistant District Attorney
Harris County, Texas

Unofficial Copy Office of Marilyn Burgess District Clerk

Date: May 13, 2019

Custodian of Records, DFPS
c/o: Legal Department
2525 Murworth
Houston, TX 77054

RE: DFPS / CPS Records Related To Pending Criminal Investigation

**To Whom It May Concern:**

Please find attached to this letter a subpoena directing you to provide a copy of any and all DFPS or CPS records related to:

Child's Name & DOB:   JOSHUA FIGUEROA & 10/24/2006; AIDEN AULD & 09/06/2006
Involved Adult & DOB:   UNKNOWN AT THIS TIME
Involved Adult & DOB:

All records include, but are not limited to: summaries, narratives, investigations, interviews, contact records, audio recordings, video recordings, treatment programs, therapy records, birth certificates, descriptors, and/or photographs related to the above individuals.  Please provide this documentation to:

Harris County District Attorney's Office
**Michael Abner**
500 Jefferson Street, Suite 600
Houston, Texas 77002

If you have any questions, please feel free to contact me at 713-274-0355 upon receipt of this subpoena and letter.  Otherwise, thank you for your consideration in this matter.

Sincerely yours,

_____
**Michael Abner**
Assistant District Attorney
713-274-0355

Unofficial Copy Office of Marilyn Burgess District Clerk

Certified Document Number: 116393165 - Page 54 of ...

Cause No. 1556873 & 1556871

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | 208TH CRIMINAL DISTRICT COURT |
| VS. | § | |
| CHRISTOPHER DOSS | § | HARRIS COUNTY, TEXAS |

# STATE'S WITNESS LIST

**STATE'S ATTORNEY**
**ADA MICHAEL ABNER**
**208TH Criminal District Court**
500 JEFFERSON ST.
Houston, TX 77007
ABNER_MICHAEL@DAO.HCTX.NET  Office: (713) 274-6293 FAX: (713) 755-6796

**Houston Independent School District Offense Report # 1796399**
S. WHITE*
3500 tampa, houston, texas 77021

**Civilian Witnesses**
S.A.
Listed in the offense report
J.F.
Listed in the offense report
Eden Hinds
Listed in the offense report
Maddison Ledet
6145 San Felipe, Houston, Texas 77057

*DENOTES POSSIBLE EXPERT DESIGNATION

Unofficial Copy Office of Marilyn Burgess District Clerk

THE STATE OF TEXAS § 208TH CRIMINAL DISTRICT COURT

VS. §

CHRISTOPHER DOSS §

§ HARRIS COUNTY, TEXAS

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. 1556871

| STATE OF TEXAS | § | IN THE **208th** DISTRICT |
| vs. | § | COURT OF HARRIS |
| **CHRISTOPHER DOSS**<br>Defendant | § | COUNTY, TEXAS |

## ADDITIONAL NOTICE OF INTENTION TO USE EXTRANEOUS OFFENSES AND PRIOR CONVICTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, THE STATE OF TEXAS, by and through her undersigned Assistant District Attorney and files this Notice of Intention to Use Extraneous Offenses and Prior Convictions of the Defendant pursuant to Rules 404 and 609 of the Texas Rules of Criminal Evidence and pursuant to Article 37.07 and 38.37 of the Texas Code of Criminal Procedure, and would show the Court the following:

1. The above mentioned cause numbers are presently pending in this Court.

2. Pursuant to Rule 404 of the Texas Rules of Criminal Evidence, the undersigned Assistant District Attorney hereby gives notice to the Defendant and his counsel that the State intends to introduce in the case in chief evidence of other crimes, wrongs, or acts for the purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident.

3. Pursuant to Rule 609 of the Texas Rules of Criminal Evidence, the undersigned Assistant District Attorney hereby gives notice to the Defendant and his counsel that the State intends to introduce evidence of prior criminal convictions to impeach the testimony, if any, of the Defendant.

4. Pursuant to Article 38.37 of the Texas Code of Criminal Procedure, the undersigned Assistant District Attorney hereby gives notice to the Defendant and his counsel that the State intends to introduce in the case in chief, notwithstanding Rules 404 and 405 of the Texas Rules of Criminal Evidence,

1

evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of this offense for it's bearing on relevant matters, including, but not limited to, the state of mind of the defendant and the child, and the previous and subsequent relationship between the defendant and the child.

5. Pursuant to Article 37.07 of the Texas Code of Criminal Procedure, the undersigned Assistant District Attorney hereby gives notice to the Defendant and his counsel that the State intends to introduce all of the above-mentioned evidence during the punishment phase of trial.

6. The extraneous offense(s) and/or prior conviction(s) which the State intends to introduce at trial pursuant to 404, 609, 38.37, and 37.07 as above defined, are as follows:

That in Harris County, Texas, Christopher Jamarl Doss, hereinafter styled the Defendant, heretofore on or about March 3, 2017, did then and there unlawfully, intentionally and knowingly cause bodily injury to J.A. hereinafter styled the Complainant, a child younger than fifteen years of age, by twisting and pinching the skin around the nipple area of J.A.'s chest.

Respectfully submitted,

/s/Michael Abner
Michael Abner
Assistant District Attorney
Harris County, Texas

CERTIFICATE OF SERVICE

I, the undersigned Assistant District Attorney, hereby certify that a true and correct copy of the foregoing Notice was sent via facsimile, certified mail, hand delivery, on the 6th day of September, 2019, the attorney of record for the defendant.

/s/Michael Abner

2

Michael Abner

Unofficial Copy Office of Marilyn Burgess District Clerk

Certified Document Number: 116393165 - Page 30 of 76

## NO. 1556873 &1556871

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 208TH JUDICIAL COURT |
| | § | |
| CHRISTOHER DOSS | § | HARRIS COUNTY, TEXAS |

## MOTION TO CONSOLIDATE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, THE STATE OF TEXAS, by and through the undersigned Assistant District Attorney, Michael Abner, and moves the Court to consolidate the Cause No. 1556873 with the sentence in Cause No. 1556871 and as grounds therefore shows the following:

Cause No. 1556873 and Cause No. 1556871 both arose out of the same transaction and should be tried together as a matter of judicial economy. TEX. PEN. CODE ANN. § 3.02 (a) (Vernon Supp. 2003) ("A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode."). The interests of justice would best be served by beginning any sentence in Cause No. 1556873 when the sentence in Cause No. 1556871 has ceased to operate. TEX. PEN. CODE ANN. § 3.03 (a) (Vernon Supp. 2003) ("When the accused is found guilty of more than one offense arising out of the same criminal episode...the sentences shall run concurrently.").

WHEREFORE PREMISES CONSIDERED, THE STATE OF TEXAS moves the Court to cumulate the sentence so that justice may be done.

Respectfully submitted,

/s/Michael Abner
Michael abner
Assistant District Attorney
Harris County, Texas

Unofficial Copy Official of Marilyn Burgess District Clerk

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the above foregoing motion was sent via facsimile and/or certified mail and/or hand delivery to Defense Counsel on this 7th day of august, 2019.

/s/michael abner
Michael abner
Assistant District Attorney
Harris County, Texas

Unofficial Copy Office of Marilyn Burgess District Clerk

NO. 1556873 & 1556871

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 208TH JUDICIAL COURT |
| | § | |
| CHRISTOPHER DOSS | § | HARRIS COUNTY, TEXAS |

## ORDER ON MOTION TO CONSOLIDATE

The foregoing Motion to CONSOLIDATE Sentence is hereby **(GRANTED)**

**(DENIED)** on this the _____ day of _____, 2019.

_____
Presiding Judge

Unofficial Copy Office of Marilyn Burgess District Clerk

2381683

# BAIL BOND



CASE NO. **1556873**

CHARGE **INJURY CHILD UNDER 15**

**B/INJURY**

SPN **02828068**

COURT SETTING:

DATE **3·22·19 C.O**

TIME **9:00 Am**

Known All Men By These Presents:

That we, **Doss, Christopher Jamarri** _____, or principal, and the

undersigned **TROY MCLEHANY**

as sureties, are held and firmly bound unto the STATE OF TEXAS, in the penal sum of

**THREE THOUSAND DOLLARS** ($ **3,000.00** ) Dollars and, in addition thereto, we are bound for the payment of all fees and expenses that may be incurred by any peace officer in re-arresting the said principal in the event any of the hereinafter stated conditions of this bond are violated for the payment of which sum or sums well and truly to be made, we do bind ourselves, and each of us, our heirs, executors and administrators, jointly and severally.

THE CONDITION OF THIS BOND IS THAT THE DEFENDANT HAS BEEN CHARGE WITH A **Felony**

offense and to secure his release from custody is entering into this obligation binding him to appear before **#208, District** County of Harris County, Texas.

(Felony-Misdemeanor)

NOW THEREFORE, IF THE SAID PRINCIPAL SHALL WELL AND TRULY MAKE HIS PERSONAL APPEARANCE BEFORE SAID COURT INSTANTER AS well as before any other court to which the same may be transferred and for any an all subsequent proceedings that may be had relative to said charge in the course of criminal actions based on said charge, and there remain from day to day and term to term of said courts, until discharged by due course of law, then and there to answer said accusation against him, this obligation shall become void, otherwise to remain in full force and effect.

Taken and approved this **14th**

day of **February**, 20 **19**

by _____, Deputy
Sheriff, Harris County Texas

_____ Surety
**TROY MCLEHANY**
**17624 Hwy 3**
(Mailing Address)
**Webster, TX 77598**     **(281) 480-9400**
(City and State)          (Phone)
Lic.# **74462** ____ Empl. **A.A.**

**THE DEFENDANT SHALL NOT HAVE ANY CONTACT WITH THE PROSECUTION /S/, WITNESS /S/, THE COMPLAINANT /S/, OR THE ALLEGED VICTIM/S/. B.D.**

Marilyn Burgess
District Clerk

**FEB 15 2019**

Time:
Harris County, Texas

By: _____

SIGNED AND DATED **February 14th**, 20 **19**

X **Christopher Doss** (Principal Signature)
X **12905 Woodforest Blvd. #712** (Mailing Address)
X **Houston Tx. 77015** (City and State)

RACE ____ SEX ____ DOB ____ HT. ____ WT. ____

HAIR ____ EYES ____ DL# ____ STATE ____

Jail Location _____

Citizen Status: _____

Holds: **N @ 1432**

ICE: A# _____

SB COST RECEIPT # **886640**

THUMB PRINT

OATH OF SURETIES
THE STATE OF TEXAS
COUNTY OF HARRIS

I, **TROY MCLEHANY**

_____ do swear that we are worth in our own right, at least double the amount of the sum for which we are bound, exclusive of all property exempted by law from execution, and of debts or other encumbrances, that we are residents of the State of Texas and I have property in the State of Texas liable to execution worth the sum for which I am bound.

Surety (Signature) **TROY MCLEHANY**

X **Christoph Doss**
Presenter (Signature)

Presenter R. Thumb Print
ID #: **23128104**

SUBSCRIBED AND SWORN to before me this **14th**

day of **February** ____ A.D. 20 **19**

_____
NOTARY PUBLIC HARRIS COUNTY

My Commission Expires: _____

ADINA AHRLFIT
Notary Public, State of Texas
My Commission Expires
June 25, 2019

ORIGINAL-DISTRICT CLERK

11-01-2009

Certified Document Number: 11639165 - Page 54 of 62
RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging.
Unofficial Copy Office of Marilyn Burgess DISTRICT CLERK

CAUSE NO. 155687301010

C87 D1 (COURT ORDER)

IN THE 208 DISTRICT COURT
OF HARRIS COUNTY, TEXAS

T H E   S T A T E   O F   T E X A S

VS.

DOSS, CHRISTOPHER JAMARRL

INJURY CHILD UNDER 15 B/INJURY

TO THE SHERIFF OF HARRIS COUNTY, TEXAS:     GREETINGS

BY ORDER OF THE COURT ON THE 14 DAY OF FEBRUARY, A.D. 2019 THE
FOLLOWING ACTION IS DIRECTED IN THE ABOVE STYLED AND NUMBERED CAUSE:

BOND SET IN THE AMOUNT OF $3000

THE COURT HAS ORDERED THE FOLLOWING BAIL OPTIONS:
BOND SET AT $3K PER JUDGE GLASS

NOTES TO SHERIFF:

WITNESS MY HAND AND SEAL OF OFFICE AT HOUSTON, TEXAS, THIS 14 DAY OF
FEBRUARY, A.D. 2019 AT 11:27 O'CLOCK

SNU: 997
INITIATING DEPUTY:
JONES, BRITTANY DANIELLE
755-7857

MARILYN BURGESS, DISTRICT CLERK
HARRIS COUNTY, TEXAS

BY _____
                              DEPUTY

Unofficial Copy Office of Marilyn Burgess District Clerk



1/11/2019 11:10:02 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 30307133
By: E ALANIZ
Filed: 1/11/2019 11:10:02 AM
Pgs-1

NO. 1556873

ADDO
ATWITH
995

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 208TH JUDICIAL DISTRICT |
| | § | |
| CHRISTOPHER DOSS | § | HARRIS COUNTY, TEXAS |

**ORDER**

Came on to be heard this Motion to Withdraw as Attorney of Record on this the _____ day of

_____, 2019, and after considering same, this Motion to Withdraw as Attorney of Record is

hereby:

**GRANTED**

DENIED

Signed:
1/14/2019

_____

JUDGE PRESIDING

Unofficial Copy Office of Marilyn Burgess District Clerk

NO. 1556873

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 208TH JUDICIAL DISTRICT |
| | § | |
| CHRISTOPHER DOSS | § | HARRIS COUNTY, TEXAS |

## MOTION TO WITHDRAW AS ATTORNEY OF RECORD

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CRAIG STILL, attorney of record for the above-named defendant and respectfully presents this Motion to Withdraw as Attorney of Record. In support thereof, Counsel would show the Court the following:

Counsel is an Assistant Public Defender for Harris County, Texas and was appointed to represent the defendant on June 15, 2018. The defendant's bond was forfeited on August 23, 2018. Therefore, counsel requests the Court grant this Motion and allow Counsel to withdraw as attorney of record.

Respectfully submitted,

Alexander Bunin
Chief Public Defender

Craig Still
State Bar No. 24033236
Harris County Public Defender's Office
Assistant Public Defender
1201 Franklin, 13th Floor
Houston, Texas 77002
Tel: (713) 368-0016
Fax: (713) 437-8594

Unofficial Copy Office of Marilyn Burgess District Clerk

1/11/2019 11:10:02 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 30307133
By: E ALANIZ
Filed: 1/11/2019 11:10:02 AM

NO. 1556873

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 208TH JUDICIAL DISTRICT |
| | § | |
| CHRISTOPHER DOSS | § | HARRIS COUNTY, TEXAS |

**ORDER**

Came on to be heard this Motion to Withdraw as Attorney of Record on this the _____ day of

_____, 2019, and after considering same, this Motion to Withdraw as Attorney of Record is

hereby:

_____ GRANTED

_____ DENIED

_____

JUDGE PRESIDING

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. 155687301010

| THE STATE OF TEXAS | § | IN THE 208TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| DOSS, CHRISTOPHER JAMARRL | § | HARRIS COUNTY, TEXAS |

OFFENSE: INJURY CHILD UNDER 15 B/INJURY

## MOTION TO DISMISS

The State respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason(s):

- ☐ Case refiled as Cause No. .
- ☐ Defendant was convicted in another case: Cause No. .
- ☐ Missing witness.
- ☐ Request of complaining witness.
- ☐ Dispositive motion granted.
- ☒ Probable cause exists, but case cannot be proven beyond a reasonable doubt at this time.
- ☐ In custody elsewhere – will not be extradited to Harris County.
- ☐ Due to passage of time, defendant not likely to be located or, if arrested, successfully prosecuted.
- ☐ No probable cause exists at this time to believe the defendant committed the offense.
- ☐ Other (explanation required)

EXPLANATION:

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

Respectfully submitted,

ABNER, MICHAEL
Assistant District Attorney
Harris County District Attorney's Office
TBC No. 24061347
ABNER_MICHAEL@DAO.HCTX.NET

## ORDER AND NOTICE

The foregoing motion having been presented to me on this the October 9, 2019, and the same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

NOTICE: Pursuant to Article 38.50(d) of the Code of Criminal Procedure, the Court is notifying you that any toxicological evidence collected in your case pursuant to an investigation or prosecution of an offense under Chapter 49 of the Penal Code does not have to be retained or preserved and may be destroyed pursuant to the authority of Article 38.50(c)(3) and (e) if your indictment or information has been dismissed with prejudice.

SIGNED AND ENTERED on October 9, 2019.

Judge Presiding
Harris County 208th District Court
Harris County, Texas

Certified Document Number: 116393165 - Page 59 of 62

Unofficial Copy Office of Marilyn Burgess District Clerk

## <u>VERIFICATION</u>

My name is Christopher Doss, my DOB is May 20, 1976 and I reside at 11011 Pleasant Colony Drive, Apartment 3023, Jersey Village, Texas, 77065. I declare under penalty of perjury of the laws of the State of Texas that I have reviewed the foregoing Original Petition for Expunction and that the facts stated therein are true and correct. Signed in Harris County, Texas on January 15, 2024.

Christopher Doss

_____

                           CHRISTOPHER DOSS (DECLARANT)

| IN THE MATTER | § | BEFORE THE STATE BOARD |
|---|---|---|
| | § | |
| OF | § | FOR |
| | § | |
| CHRISTOPHER DOSS | § | EDUCATOR CERTIFICATION |

## PERMANENT VOLUNTARY SURRENDER
## OF TEXAS EDUCATOR CERTIFICATE

This Permanent Voluntary Surrender is executed pursuant to the authority of the Administrative Procedure Act, TEX. GOV'T. CODE §2001.056, and 19 TEX. ADMIN. CODE §249.35(b), which authorize the informal disposition of contested cases. In a desire to conclude this matter without further delay and expense, the Board and Respondent agree to resolve this matter by this Permanent Voluntary Surrender.

The State Board for Educator Certification received a report that CHRISTOPHER DOSS, herein referred to as Respondent, who holds Texas Educator Certificate Number XXX-XX-64-02, has engaged in conduct that violates the Texas Educators' Code of Ethics, including, but not limited to inappropriate discipline of students.

To avoid the uncertainty and expense of litigation in this matter, Respondent agrees to the entry of this Permanent Voluntary Surrender surrendering his Texas Educator Certificate.

Respondent further agrees to the entry of his name on the registry of persons not eligible for employment in public schools under Texas Education Code §22.092(a).

The Board is authorized, pursuant to 19 TEX. ADMIN. CODE §249.15(a)(4) to revoke or cancel, which includes accepting the surrender of, a certificate without opportunity for reapplication for a set term or permanently.

Respondent, by his signature below, hereby voluntarily surrenders Texas Educator Certificate Number XXX-XX-64-02. The surrender is permanent without opportunity for reapplication.

By signing this Permanent Voluntary Surrender, Respondent waives the right to a formal hearing, and any right to seek removal of or judicial review of this Permanent Voluntary Surrender.

_____          _____
CHRISTOPHER DOSS                                                    DATE

Certified Document Number: 116393165 - Page 61 of 62

Texas Educator Certificate Number XXX-XX-64-02 and all its associated endorsements issued to CHRISTOPHER DOSS are hereby PERMANENTLY REVOKED without opportunity for reapplication.

On behalf of the State Board for Educator Certification:

SIGNED this _____ day of _____, 2021

_____
LAURA MORIATY
Director
SBEC Enforcement for Educator Leadership and Quality
Texas Education Agency

*Note: Pursuant to the Resolution of the State Board for Educator Certification dated December 11, 2015, the Associate Commissioner for Educator Certification and his designee have the delegated authority to sign an order informally disposing of a contested case involving educator certification.*

APPROVED AS TO FORM:

_____
Mark Duncan, Assistant Counsel
State Bar No. 24044916
Texas Education Agency
Office of Legal Services
1701 N. Congress Avenue
Austin, Texas 78701-1494

Certified Document Number: 116393165 - Page 62 of 62



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 8, 2024

Certified Document Number:        116393165 Total Pages:  62

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

## CAUSE NO. 2024-61126

| | | |
|---|---|---|
| **CHRISTOPHER J. DOSS,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **THE STATE OF TEXAS, HOUSTON** | § | |
| **INDEPENDENT SCHOOL DISTRICT,** | § | |
| **CHILD PROTECTIVE SERVICES,** | § | **215TH JUDICIAL DISTRICT** |
| **HOUSTON FEDERATION OF** | § | |
| **TEACHERS, EDEN JONES-HINDS,** | § | |
| **TRACI AULD MITCHELL, AND** | § | |
| **ANN FIGUERORA,** | § | |
| | § | |
| *Defendants.* | § | **OF HARRIS COUNTY, TEXAS** |

### DEFENDANT HOUSTON INDEPENDENT SCHOOL DISTRICT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Houston Independent School District (HISD or the District) files its Answer and Affirmative Defenses to Plaintiff's Original Petition as follows:

### I.
### General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, HISD generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence.

### II.
### Reservation of Right to Amend

HISD, subject to the foregoing general denial, and without waiving the same, specifically reserves the right to amend or supplement this answer as allowed by the Texas Rules of Civil Procedure and the Constitution and laws of the State of Texas.

### III.
### Affirmative Defenses

For further answer, and without waiving the foregoing, HISD hereby assert the following affirmative defenses:

1.      The Court lacks subject matter jurisdiction over Plaintiff's claims.

2.      HISD is entitled to governmental immunity from Plaintiff's claims because Plaintiff cannot establish essential elements of his claims.

3.      Plaintiff has failed to mitigate his damages, if any.

4.      HISD is exempt from the imposition of exemplary or punitive damages.

5.      Any actions HISD took with respect to Plaintiff's employment were based on legitimate, non-discriminatory and non-retaliatory reasons.

6.      HISD affirmatively asserts that Plaintiff's claims are barred by the defenses of release and wavier, based upon the fully executed Separation Agreement and Full and Final Release attached to Plaintiff's Original Petition.

7.      Plaintiff's claims under Title VII are barred by limitations.

### V.
### Prayer

Defendant Houston Independent School District prays that Plaintiff Christopher J. Doss takes nothing by this suit, that the Court dismiss all of his claims against HISD with prejudice, that the Court award HISD its taxable costs of Court and reasonable and necessary attorneys' fees, and further award it any and all further relief to which it may be justly entitled.

Respectfully submitted,

SPALDING NICHOLS LAMP LANGLOIS

/s/ Melissa M. Goins
MELISSA M. GOINS
Attorney-in-Charge
State Bar No. 24074671
mgoins@snll-law.com
ELLEN H. SPALDING
State Bar No. 24012865
espalding@snll-law.com
3700 Buffalo Speedway, Suite 500
Houston, Texas 77098
Telephone: (844) 564-0010
Facsimile: (888) 726-8374

ATTORNEY FOR DEFENDANT HISD

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October, 2024, I electronically filed the foregoing with the Clerk of Court using the eFile system, which will send notification of such filing to the following:

Christopher J. Doss
11011 Pleasant Colony Drive, Apt. 3023
Jersey Village, Texas 77065
Cdoss7179@gmail.com
*(Pro Se Plaintiff)*

/s/ Melissa M. Goins
Attorney for Defendant HISD

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Hannah Gilbert on behalf of Melissa Goins
Bar No. 24074671
hgilbert@snll-law.com
Envelope ID: 92892489
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant Houston Independent School District's Answer and Affirmative Defenses
Status as of 10/8/2024 7:23 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Hannah Gilbert | | hgilbert@snll-law.com | 10/7/2024 5:40:23 PM | SENT |
| Melissa Goins | | mgoins@snll-law.com | 10/7/2024 5:40:23 PM | SENT |
| Danielle Buffa | | dbuffa@snll-law.com | 10/7/2024 5:40:23 PM | SENT |
| Ellen Spalding | | espalding@snll-law.com | 10/7/2024 5:40:23 PM | SENT |